### PATRICK MELLEY *vs.* JOHN CASEY.

A lease of real estate by a married woman for a term exceeding one year, without the assent of her husband in writing, or his joining in the conveyance, or the consent of a judge, as provided in the Gen. Sts. *c.* 108, § 3, is not void merely for the excess above one year, but is void altogether; nor does it become valid by the express exception of it from the covenant against incumbrances in a subsequent warranty deed of the premises by her and her husband to a third person; nor by her assignment of it afterwards to such third person with the written assent of her husband.

The assent of the husband required by the Gen. Sts. *c.* 108, § 3, to render valid a lease by his wife of real estate for a term exceeding one year, is an assent contemporaneous with the execution of the lease, and delivered or communicated as an operative part of it.

A grantee of real estate is not estopped from maintaining an action on the Gen. Sts. *c.* 137, for possession, against one who was in occupation of the premises as tenant at will at the time of the conveyance and neglects to deliver them up notwithstanding notice thereof, by his serving two notices upon the tenant before bringing the action, the first purporting to determine an invalid lease of the premises for a term of years by the previous owner to the tenant, and the second to quit for nonpayment of rent.

ACTION on the Gen. Sts. *c.* 137, for possession of a house on Federal Street in Boston. Writ dated February 2, 1867. At

the trial in the superior court, before *Putnam*, J., without a jury these facts were agreed :

On August 1, 1866, the defendant was occupying the house as tenant at will of Mary W. Stevens, its owner, when she alone, without the written assent of her husband, George A. Stevens, executed a lease of the premises to the defendant for three years from that date, for a rent payable monthly. The defendant continued to occupy the premises, and paid to Mrs. Stevens regularly the stipulated rent, until on December 1, 1866, she and her husband conveyed them to the plaintiff, by a warranty deed excepting from the covenant against incumbrances the lease to the defendant, and stipulating that it should be assigned to the plaintiff; and on the same day, Mrs. Stevens executed to the plaintiff an assignment of the lease, and her husband indorsed thereon his assent to such assignment. On December 31, 1866, the plaintiff entered the premises, and served a notice upon the defendant that he made the entry in order to determine the lease for breach of the defendant's covenant therein against underletting, and demanded a surrender of the premises " for the reason aforesaid ; " and on January 16, 1867, he served on the defendant another notice to quit in fourteen days for non-payment of rent, describing the defendant as in possession of the premises under a claim of being lessee thereof, and setting forth that the plaintiff waived by the notice none of his existing rights to possession of the premises, nor any remedies therefor to which he was then entitled.

On these facts, the defendant contended that the lease, if invalid originally, became valid by the exception of it from the covenant against incumbrances in the deed to the plaintiff, and by the assent of the husband to the assignment; but the judge ruled otherwise, and further ruled that the defendant's right of occupation was determined by the conveyance of the premises to the plaintiff, and that the defendant was liable to this action " after reasonable notice " of such conveyance. On the question of notice, upon testimony introduced by both parties, he found as fact that on or about December 24, 1866, the defendant had notice of the conveyance, and was told that he would be re-

quired to quit unless he should agree to pay more rent; but there was no evidence of any underletting or nonpayment of rent. He thereupon ordered judgment for the plaintiff; and the defendant alleged exceptions.

*B. Dean*, for the defendant.

*G. W. Park*, for the plaintiff.

HOAR, J. The lease executed by the wife, being a lease for more than a year, and without the assent in writing of her husband, was wholly void. Gen. Sts. *c*. 108, § 3. Not being within the authority conferred on her by statute, the common law disability of her coverture made her deed inoperative to convey any estate whatever. We find no authority for the doctrine for which the defendant contends, that it might take effect as a lease for a year, and be void only for the excess. It was a single and entire contract; and there was no agreement of the parties for any separate part. The defendant therefore became merely a tenant at will of the leased premises by reason of his entry, occupation and payment of rent.

The deed to the plaintiff, executed by the husband and wife, excepts from the covenants against incumbrances the lease which the wife had undertaken to make, but, as the deed grants the whole estate, the exception gives no affirmative validity to the void lease. The assignment of the lease to the plaintiff, to which the husband assents in writing, was the assignment of an instrument wholly invalid; and gave the plaintiff no other or greater right or estate than he took under the deed which had been executed on the same day. It did not purport to confirm or add to the defendant's title, but merely to transfer to the plaintiff whatever rights the wife had. It is very clear that it could not inure to the benefit of the defendant, because it was wholly *res inter alios acta*, never communicated to him, or delivered to him. The lease made by the wife without the assent of the husband, being void on her part, was also void as to the defendant. To make the instrument binding upon him, we think the assent in writing of the husband which the statute requires must be an assent contemporaneous with the execution of the instrument, and delivered or communicated as an opera

tive part of it. The defendant must have accepted a lease to which the husband assented at the time of the acceptance, to give the lease effect as the wife's deed.

The title of the plaintiff being therefore perfect, and his right to the possession of the premises complete against the defendant, he is not estopped from asserting that right in this process on account of giving the notices of December 31 and January 16. Those notices granted no estate to the defendant; they did not mislead him or induce him in any way to alter his condition. The defendant did nothing under or by reason of them. They only tend to show that the plaintiff for a time mistook his rights, but do not prevent his asserting them afterward when discovered. *Exceptions overruled.*