FRANCES E. TUCKER *vs.* CHARLES W. FENNO & another.

So long as the equity of redemption of land, on which a woman has a mortgage, is held by her husband, her right to enter to foreclose in the presence of witnesses, under the Gen. Sts. *c.* 140, §§ 1, 2, is suspended.

BILL IN EQUITY against Charles W. Fenno and Frances E. Fenno, to redeem land in Worcester from a mortgage. Hearing before *Chapman,* C. J., who made a report of the case for the consideration of the full court, substantially as follows:

The defendant, Charles W. Fenno, being the owner of the land, mortgaged it in March 1863 to the other defendant, his mother, Frances E. Fenno, the wife of William D. Fenno, and in July 1863 he conveyed the equity of redemption to William D. Fenno. In October 1863, Frances E. Fenno entered for condition broken, to foreclose the mortgage, in the presence of two witnesses, under the provisions of the Gen. Sts, *c.* 140, §§ 1, 2 ; and the certificate of entry was duly recorded. The plaintiff was one of the witnesses. In 1870, William D. Fenno died intestate, leaving the plaintiff and the defendant Charles W. Fenno, his only children, and the other defendant, Frances E. Fenno, his widow.

The plaintiff contended that she was an owner of an undivided half of the premises, subject to the mortgage and the widow's dower. The defendants contended that the mortgage was foreclosed.

The case was reserved upon the question whether the mortgage was foreclosed, such decree to be entered as the court should order.

*T. L. Nelson & G. F. Verry*, for the plaintiff.

*P. E. Aldrich*, for the defendants.

AMES, J. The effect of the deed from Charles W. Fenno to his father, inasmuch as the property conveyed had been previously mortgaged to his mother, was to place his father and mother in the relation to each other of mortgagor and mortgagee. For some purposes, and to a certain extent, they might stand in that relation. It is not contended that the conveyance of the equity of redemption to the husband would have the effect to deprive the wife of her investment of her own separate funds, or destroy her title as mortgagee.

But at the same time, her rights and remedies as mortgagee would be greatly modified by the fact that the person holding the title of the mortgagor was her own husband. The statutes which have so greatly enlarged the rights and removed the disabilities of the married woman are not intended to place her and her husband in the necessarily adverse relation of debtor and creditor. They can make no contracts with each other, and neither can maintain a suit at law against the other. It would be impossible, therefore, for her to enforce a foreclosure of her mortgage in the ordinary mode, by a writ of entry, in order to have a conditional judgment and a writ of possession. The other mode of foreclosure provided by the statute, namely, by actual entry in the presence of two witnesses, whose sworn certificate of the fact is duly recorded, is a substitute for the writ of entry, and is in its nature an equally adverse proceeding. It is substantially a process for the enforcement of a forfeiture, and it would leave the parties, during the three years after the date of such entry, in a position in which the rights of the mortgagee would be those of a creditor of the husband, and in which the literal enforcement of such rights would be wholly inconsistent with the conjugal relation. She could not turn him out of possession ; she could not compel him to render an account of rents and profits ; they could make no binding contract and come to no valid adjustment as to the amount necessary for redemption. He could make no valid tender to her, nor could she give him a valid discharge or release. There is no mode in which their adverse rights could either be

prosecuted, or released, or adjusted, that would not be inconsistent with their relation to each other as husband and wife. This difficulty could only be partially removed by the intervention of a third person, if the parties should see fit to agree to resort to such an expedient.

In *Stetson* v. *O'Sullivan*, 8 Allen, 321, a married woman had purchased her husband's equity of redemption at a sale upon an execution against him. The court held that no title passed to the wife by the sheriff's deed. The statute reserves to the debtor a right to redeem in such cases within one year, and entitles him to an account of rents and profits, &c., and, upon payment of the balance, to a deed of release from the purchaser; and this right he can enforce by suit. " The policy of the law is so strongly opposed to transactions of such a character between husband and wife that they could not have been within the contemplation of the statute." The case at bar appears to us to be at least as strong as *Stetson* v. *O'Sullivan*.

In *Bemis* v. *Call*, 10 Allen, 512, it was held that the marriage of the mortgagor and mortgagee did not extinguish the mortgage, although, as the court say, it might operate to prevent the husband from instituting any legal proceedings to foreclose the mortgage during the continuance of the marriage relation. It appears to us not only that it might, but that it must have precisely that operation.

The entry to foreclose is for many purposes an eviction, and the commencement of a new title. *Oakham* v. *Rutland*, 4 Cush. 172. It is in its nature an adverse proceeding. *Erskine* v. *Townsend*, 2 Mass. 493, 496. It involves the right to exclude and dispossess the owner of the equity, and even to treat him as a trespasser. The consequences which it leads to would be substantially irreconcilable with the marriage relation.

The only conclusion, therefore, to which we can come is that the claim of the defendants that the mortgage was foreclosed by the formal entry by the wife, during the coverture, for that purpose, cannot be maintained, and that any right on her part to institute legal proceedings for foreclosure was suspended till after the termination of the marriage relation.

*Decree for the    laintiff.*