JOHN CORMERAIS *vs.* SARAH B. WESSELHOEFT & others.

A deed from a third person to a wife, made at the request of her husband and with the intent to vest in her the legal estate, is presumed, in the absence of clear proof to the contrary, to have been intended as a provision for her, and does not create a resulting trust in the husband's favor.

A husband assents in writing, within the meaning of Gen. Sts. c. 108, § 3, to his wife's mortgage of her real property when he signs as guarantor her promissory note secured by the mortgage, it being expressed upon its face that it is secured by the mortgage.

The assignment to a husband of a mortgage upon his wife's real estate, which by the terms of the deed conveying the estate to her she was to assume and pay, vests a good title to the mortgage in him, though his right to enforce it is suspended during her life.

· BILL IN EQUITY to charge real estate, the legal title to which was in the defendants, with a trust in the plaintiff's favor.

At the hearing before *Wells*, J., upon bill, answer and proofs, it appeared that the estate was conveyed February 7, 1863, to the plaintiff's wife, to be held to her sole and separate use, free from the interference and control of the plaintiff, and was warranted to be free from all incumbrances except a mortgage to secure the payment of a note for $5000, and interest, which the grantee "was to assume and pay when it became due." The plaintiff paid $1100, the balance of the consideration, at the time of the conveyance. His wife died October 29, 1866, and the defendants were her heirs at law.

The plaintiff paid the mortgage January 5, 1864, and took an assignment of it to himself. He entered for foreclosure February 10, 1870. This mortgage was given by a Mrs. Griggs, who then owned the premises in her own right, but Mr. Griggs, her husband, did not join in the mortgage deed.

The presiding justice found as a fact that Mr. Griggs put his name on the back of the mortgage note, which was signed by his wife, at the time it was made, and that the following memorandum was written across the end of the note: "Secured by mortgage on house and land on Walnut St., in Brookline." This memorandum was on the note when Mr. Griggs wrote his name upon it. The note was described in the condition of the mortgage in the usual manner. There was no other proof of Mr. Griggs's assent in writing to the mortgage.

The plaintiff, subject to objection, testified, in substance, that he made the original agreement for the purchase of the land, and he produced a memorandum of it in writing, dated January 5, 1863; that the deed was made to his wife at his request in order to put the property beyond the contingencies of his business, and because he had lost confidence in one of his former partners; that he kept possession of the deed himself, paid the taxes and insurance, and never told his wife that the land was in her name, never ..ad any conversation with her on the subject, and never had any intention that she should take any beneficial interest in it, and that she never claimed any right in it; that he made additions to the

house and stable in the way of improvements, at a cost of not less than $5000, when he took possession in 1863 ; that he took the assignment of the mortgage by advice of his counsel, having previously intended to pay it, and that he never knew of any doubt as to the validity of the mortgage until March, 1873.

The daughters of the plaintiff, who with their husbands were defendants in the case, testified to declarations made by the plaintiff, during the lifetime of his wife, to the effect that the estate belonged to her, and the presiding justice found as a fact that such declarations were made, and from all the evidence, was satisfied that the plaintiff's wife did know that the land was conveyed to her.

The case was reported for the consideration of the full court, such further action to be had, or such decree to be entered, as the case required.

*M. Williams, Jr.*, for the plaintiff.

*W. Colburn*, for the defendants.

GRAY, C. J.  The plaintiff's allegation that his wife took the conveyance in trust for him is not sustained by the evidence.  A deed made by a third person to a wife, at the request of her husband, and with the intention of vesting the legal estate in her, is to be presumed to have been intended by him as a provision for her, in the absence of clear proof to the contrary.  The testimony of the plaintiff, which is the only evidence in his favor, is directly contradicted by his declarations during the lifetime of his wife that the estate belonged to her ; and falls far short of the proof required to establish a resulting trust for his benefit.  *Edgerly* v. *Edgerly*, 112 Mass. 175.

The mortgage from Mrs. Griggs, existing on the premises at the time of the conveyance to the plaintiff's wife, was executed by Mrs. Griggs, the land being her separate property, to secure the payment of a note signed by her.  Her husband did not join in the mortgage deed, but did sign as guarantor the mortgage note, upon the face of which was a memorandum that it was secured by mortgage on this land.  By signing the note, described as secured by the mortgage delivered with it, he recognized the existence of the mortgage, and thus gave his assent in writing to

the mortgage, which is all that is required by the statute to give it validity. Gen. Sts. c. 108, § 3. *Shaw* v. *Methodist Episcopal Society in Lowell*, 8 Met. 223. *Baker* v. *Hathaway*, 5 Allen, 103. *Hills* v. *Bearse*, 9 Allen, 403. *Melley* v. *Casey*, 99 Mass. 241. The mortgage and note were not extinguished by the undertaking of Mrs. Cormerais to assume and pay them. The assignment of them to the plaintiff, in the lifetime of his wife, vested a good title in him, although his right to enforce the mortgage was suspended so long as she lived. *Bemis* v. *Call*, 10 Allen, 512. *Tucker* v. *Fenno*, 110 Mass. 311. But his title under this mortgage, whether duly foreclosed or not, was a legal and not an equitable title.

As the plaintiff fails to show any equitable title upon either ground alleged in his bill, it must be

*Dismissed, with costs.*