ISAAC LIBBY *vs.* IRA M. CHASE & others.

Middlesex. January 19. — 20, 1875.  AMES & ENDICOTT, JJ., absent.

A farm was conveyed to a married woman in 1858, and was paid for partly by her own funds, and partly by the promissory note of her husband and herself. They lived on the farm together, and he had a small stock of cattle and tools, and worked on the farm and made some improvements. After the passage of the St. of 1874, c. 184, she sold the farm and received the consideration money. At this time there had been no issue of the marriage. *Held,* on a bill in equity brought by the husband against the wife and the purchaser, that neither the payment by the husband of part of the consideration for the conveyance to the wife nor his improvements upon the estate gave him any lien or claim upon the land, and that, in the absence of fraud between the defendants, the bill must be dismissed.

BILL IN EQUITY filed September 17, 1874, against Ira M. Chase, William H. Pearson and Amy Libby, to enjoin the defendants from taking possession of a farm conveyed by Amy to Pearson and by him to Chase. The bill also prayed that a portion of the estate or its equivalent in money should be allowed the plaintiff, for betterments put upon the estate and for money and labor expended upon the same by him. The bill charged fraud and conspiracy on the part of the defendants.

Hearing before *Ames,* J., who reported the case in substance as follows: The plaintiff and the said Amy were married October 17, 1855. On March 26, 1858, she purchased a small farm in Dracut, which was conveyed to her, her heirs and assigns, to her sole and separate use. She paid $800 of the purchase money with her own funds, and for the remainder she gave the joint promissory note of her husband and herself. They lived on the farm together, and he had a small stock of cattle and farming tools, and worked on the place, keeping it generally in good condition, and making some improvements, but not to any large amount. Shortly before the commencement of this suit she, by her deed duly executed and in due form of law, conveyed the farm to Pearson, who afterwards on the same day conveyed the same to Chase. This was done without consulting her husband and without his consent. She thereupon removed from the place, carrying with her a large portion of the furniture of the house claiming it as her own, and leaving him in occupation of the place. I do not find any proof of a combination or conspiracy between her and Pearson and Chase, or either of them, or that there was any

such inadequacy of consideration in the price paid by Chase or Pearson as to furnish any indication of fraud, or that there was any fraud upon the plaintiff in fact. Before the filing of this bill, Chase made a formal demand on the plaintiff for possession of the place, and threatened to eject him if he did not yield possession and quit the premises in twelve days. Chase was a near neighbor of the plaintiff, and knew the facts above recited generally, but it did not appear that he knew that any part of the price of the farm for which it was conveyed to the plaintiff's wife was paid or secured by him. No child was born of the marriage of the plaintiff and the said Amy. Upon these facts, it was ordered that the bill be dismissed with costs, and the plaintiff appealed.

*T. Wentworth & R. B. Caverly*, for the plaintiff.

*D. S. Richardson*, (*G. F. Richardson* with him,) for the defendants.

GRAY, C. J. By the statute in force at the time of the conveyance of this land to the wife, she was exclusively entitled to the rents and profits thereof. St. 1857, c. 249, § 1. The word " gift " — *donum* — as applied to real estate, is not limited to conveyances without consideration; and has the same meaning in that statute as " gift or grant " in the Gen. Sts. c. 108, § 1.

By the same statutes, a wife might convey her land, either with the written assent of her husband, or without such assent and with the approval of a judge of this or certain other courts. St. 1857, c. 249, § 2. Gen. Sts. c. 108, § 3. The requirement of such assent or approval was for the protection of the wife, and gave the husband no interest in her land. *Leggate* v. *Clark*, 111 Mass. 308. And the St. of 1874, c. 184, dispensing with the necessity of any such assent to or approval of a wife's conveyance, affected no right of the husband.

In the present case, no child having been born of the marriage, the husband had no estate by the curtesy. He could make no contract with his wife; and neither his·payment of part of the consideration for the conveyance to her, nor his improvements upon the estate, gave him any lien or claim upon the land. The fraud alleged is not proved.

The decree, dismissing the bill of the husband against the grantees of the wife, must therefore be         *Affirmed.*