CYRIL C. CHILD *vs.* HELEN M. SAMPSON.

Suffolk.  Nov. 10, 1874. — Jan. 21, 1875.  WELLS & DEVENS, JJ., absent.

The assent in writing, required by the Gen. Sts. *c.* 108, § 3, of a husband to his wife's lease of her real estate for a term exceeding one year is sufficiently shown by the husband signing the lease as attesting witness only.

CONTRACT for the value of repairs put upon a house leased by the defendant to the plaintiff, and from which the plaintiff alleged that he was evicted during the term of the lease in consequence of the defendant's husband not assenting to the lease.

The case was sent to an auditor, who found that on August 10, 1869, the defendant, a married woman, gave the plaintiff a lease of the house for the term of five years from May 1, 1869, executed by the plaintiff and the defendant, in the presence of Zabdiel S. Sampson, the defendant's husband; and that after the lease was given the defendant sold the house, and in May, 1871, an action of ejectment was brought by the purchaser, and the plaintiff was evicted from the premises occupied by him under the lease. There was also evidence that the lease was given under an agreement that the plaintiff should make certain repairs, and the auditor found the value of repairs made by him in pursuance of this agreement.

Trial in the Superior Court, before *Brigham*, C. J., who directed a verdict for the plaintiff for the amount found by the auditor; and reported the case for the consideration of this court, upon the question whether the evidence would in law support the verdict.

*J. Willard*, for the defendant.

*C. S. Lincoln*, for the plaintiff.

ENDICOTT, J. The facts of the case appear in the papers and the auditor's report. The auditor finds that the lease was executed by the defendant, then a married woman, with her husband, Zabdiel S. Sampson, as the subscribing witness. No objection was taken before him or in the court below to the form of the answer, and the case was argued before us on the merits.

The point taken by the defendant, that the attestation of the lease by the husband is a sufficient assent within the statute, is decisive of the case. It must be presumed that a husband, so signing his name as witness to the execution of the lease by his wife and the plaintiff, must have known the character of the instrument; and his attestation thereto is a sufficient assent in writing. Gen. Sts. *c.* 108, § 3. It was an assent contemporaneous with the execution of the instrument, and delivered as an operative part of it. *Melley* v. *Casey*, 99 Mass. 241.

In *Hills* v. *Bearse*, 9 Allen, 403, the husband signed the deed with the wife, and there were no words, bearing on the question of his assent, except the words "In witness whereof," in the *testimonium* clause. These the court held to mean in substance that he had signed and sealed it in witness that his wife had executed it, thereby giving his assent.

In a recent case, a wife made a mortgage of her real estate, and the husband did not join in or sign the mortgage deed; but did sign as guarantor the mortgage note, upon which was a memorandum that it was secured by mortgage on her land; and it was held that he thereby gave his assent in writing to the mortgage. *Cormerais* v. *Wesselhoeft*, 114 Mass.

As the lease was therefore valid, the entry must be

*Verdict set aside.**

---

* By the St. of 1874, *c.* 184, § 1, a married woman may lease her real property in the same manner as if she were sole.