CATHERINE W. CHAPMAN *vs.* HERMAN L. MILLER.

Hampshire. Sept. 16, 1879. — Feb. 25, 1880. AMES & ENDICOTT, JJ., absent.

The power given to a married woman by the St. of 1857, *c.* 249, § 2, to convey, with the assent of her husband, any real or personal property which might thereafter come to her by "gift of any person except her husband," includes land conveyed to her by a third person for a pecuniary consideration.

The assent in writing, required by the St. of 1857, *c.* 249, § 2, of a husband to his wife's deed of her real estate, is sufficiently shown by the insertion of his name in the attestation clause, "in token of relinquishment of his right in the above-named premises," with his signature and seal.

WRIT OF ENTRY to foreclose a mortgage of land in Plainfield. Plea, *nul disseisin.*

At the trial in the Superior Court, before *Dewey*, J., without a jury, the demandant claimed title under a deed of mortgage to her from Sarah Wetherbee, whose name alone appeared as grantor. The attestation clause was as follows: "In witness whereof we, the said Sarah Wetherbee, and Nehemiah A. Wetherbee, husband of said Sarah Wetherbee, in token of relinquishment of his right in the above-named premises, have hereunto set our hands and seals this fourteenth day of June, in the year of our Lord one thousand eight hundred and fifty-eight." The deed was signed and sealed by the grantor and her husband.

The deed of the land to Sarah Wetherbee was dated March 2, 1858, when she was a married woman, and did not declare that the conveyance was to her sole and separate use.

The judge ruled that the deed to the demandant passed no title to her, for the reason that the husband of the grantor did not join in the conveyance; and found for the tenant. The demandant alleged exceptions.

*J. C. Hammond*, for the demandant.

*W. G. Bassett*, for the tenant.

GRAY, C. J. If the wife had acquired her title to the land before the St. of 1857, *c.* 249, by deed in common form, and not expressed to be to her sole and separate use, it might be doubted whether her husband could have been deemed to have so joined in her mortgage to the plaintiff as to make it valid. Rev. Sts. *c.* 59, § 2. *Bruce* v. *Wood*, 1 Met. 542. *Jewett* v. *Davis*, 10 Allen, 68. *Wales* v. *Coffin*, 13 Allen, 213. *Agricultural Bank* v. *Rice*, 4 How. 225.

But by the St. of 1857, *c.* 249, §§ 1, 2, any real or personal property since " coming to a married woman, by descent, devise or bequest, or the gift of any person except her husband," remained her sole and separate property; and might be sold and conveyed by her as if she were unmarried; and the husband was not required to join in, but it was sufficient that he should " assent in writing " to, a conveyance of her real estate.   These provisions were reënacted in the General Statutes, with the addition of the words " or grant " after the word " gift."   Gen. Sts. *c.* 108, §§ 1, 3, 10.   Following the definition of Blackstone, " Gifts or grants of personal property are thus to be distinguished from each other, that gifts are always gratuitous, grants are upon some consideration or equivalent," it has been intimated, though not decided, that, as applied to personal property, the terms of the General Statutes are more comprehensive than those of the statute of 1857.   2 Bl. Com. 440.   *Spaulding* v. *Day*, 10 Allen, 96, 98.   But as applied to real estate, the words "give," "gift," — *do, donum*, — have never been limited to gratuitous conveyances; and it has accordingly been adjudged that, as regards real estate, the word " give " in the statute of 1857 is equivalent to the words " give or grant " in the General Statutes, and includes a conveyance to the wife for a pecuniary consideration.   Co. Lit. 384 *a*.   2 Inst. 276.   2 Bl. Com. 300.   *Dow* v. *Lewis*, 4 Gray, 468.   *Libby* v. *Chase*, 117 Mass. 105.

In the case at bar, the wife, having acquired her title by deed since the statute of 1857, might convey it without her husband joining as a grantor; and the insertion of his name in the last clause of the mortgage, with his signature and seal, manifest the "assent in writing," which was all that was requisite to make it valid. *Hills* v. *Bearse,* 9 Allen, 403. *Child* v. *Sampson,* 117 Mass. 62. *Exceptions sustained.*