CATHERINE W. CHAPMAN *vs.* HERMAN L. MILLER.

Hampshire.   Sept. 22, 1880. — Feb. 10, 1881.   COLT & MORTON, JJ., absent.

Land was conveyed by a man to a person who conveyed it to the man's wife Both deeds purported to be for a valuable consideration and were recorded. The woman, while the St. of 1857, *c.* 249, was in force, mortgaged the land to a third person, her husband assenting thereto in writing, but not joining as grantor. *Held,* on a writ of entry to foreclose the mortgage, that the mortgagor could not impeach the title of the mortgagee, by showing that the deeds through which the mortgagor obtained her title were given without consideration.

WRIT OF ENTRY to foreclose a mortgage of land in Plainfield. Plea, *nul disseisin.* After the former decision, reported 128 Mass. 269, the case was tried in the Superior Court, without a jury, before *Aldrich,* J., who allowed a bill of exceptions in substance as follows :

The demandant claimed title under a deed of mortgage to her from Sarah Wetherbee, whose name alone appeared as grantor. The attestation clause was as follows : " In witness whereof, we, the said Sarah Wetherbee and Nehemiah A. Wetherbee, husband of said Sarah Wetherbee, in token of his relinquishment of his right in the above-named premises, have hereunto set our hands and seals, this fourteenth day of June, in the year of our Lord one thousand eight hundred and fifty-eight." The deed was signed and sealed by the grantor and her husband.

The land in question had been conveyed by deed from Nehemiah A. Wetherbee (in which his wife Sarah joined in release of dower) to their son, James A. Wetherbee, dated March 1, 1858, and James A. conveyed the land to his mother, by deed dated March 2, 1858, which was duly recorded.   He paid no consideration to his father and received none from his mother, although in each deed the consideration was stated to be $500, and no consideration passed between Sarah and Nehemiah A.   James A. took the deed from his father under an agreement to transfer the property by deed to his mother, and for the sole purpose of so transferring it.

The tenant asked the judge to rule that the demandant did not take a valid title by the deed to her from Sarah Wetherbee, and could not recover.   But the judge declined so to rule; ruled, as

matter of law, that the deed to the demandant conveyed a good title; and ordered judgment for the demandant. The tenant alleged exceptions.

*W. G. Bassett*, for the tenant.

*J. C. Hammond*, for the demandant.

SOULE, J. The deed from Nehemiah Wetherbee to James A. purported to be given for a valuable consideration, and so did the deed from James A. to Sarah. The record did not, therefore, disclose the fact, if it were a fact, that Sarah held the land by gift from her husband. The chain of title was perfectly consistent with the theory that Nehemiah sold to James A. for value, and that James A. sold and conveyed to Sarah for value; and, if that were so, it is clear that the mortgage by Sarah, joined in by Nehemiah, her husband, in token of his relinquishment of his right in the premises, was valid. St. 1857, *c.* 249. *Chapman* v. *Miller*, 128 Mass. 269. The mortgage was apparently valid, because the record title was such as would enable the record owner to convey the land in mortgage by a deed executed as this mortgage deed was executed. In this respect the case differs from the cases of *Jewett* v. *Davis*, 10 Allen, 68, and *Gerrish* v. *Mason*, 4 Gray, 432, relied on by the tenant, in which cases the record showed that the wife had not such title to the land as would enable her to convey it except her husband joined with her as grantor.

As the demandant took in good faith, for value, a mortgage executed in a way sufficient to pass the title, so far as the record showed, we think that she holds by a title which cannot be impeached by a stranger, or by a subsequent grantee of the mortgagor with notice, by parol proof that the husband of the mortgagor without consideration conveyed the land to a third person, who, in fulfilment of the purpose for which it was conveyed to him, conveyed it without consideration to the mortgagor. *Exceptions overruled.*