## SARAH BENT *vs.* BRIDGET ROGERS.

Suffolk.    March 14. — May 9, 1884.    DEVENS & COLBURN, JJ., absent.

Three undivided fourths of a parcel of land were owned by A., his wife B., C. the wife of P., and D. A deed of the land stated, in the granting clause, that "A., in the right of his wife B., P., in the right of his wife C., and C. in her own right, and D." conveyed the same to E.; "it being the intention of this instrument to convey to said E. three undivided fourth parts of the above-described land, being all our right and interest therein; . . . . and we, the said grantors, for ourselves and our heirs, . . . . do covenant with the said E.; . . . . in witness whereof, we, the said A., B., P., C., and D., with M., wife of D., in token of her release of all right and title of or to dower in the granted premises, have hereunto set our hands and seals." *Held*, that by the deed B conveyed all her interest in the land included therein.

PETITION, returnable at January term 1883 of the Superior Court, for partition of a parcel of land in that part of Boston formerly Dorchester. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, in substance as follows:

Alexander Glover died on October 24, 1842, seised in fee of the land in question. By his will, which was duly admitted to probate, he devised the same to his four children, Alexander Glover, Jr., Sarah Bent, wife of Albert A. Bent, Mary Ann Glover, and Amasa S. Glover, in equal shares.

On May 30, 1848, Amasa S. Glover conveyed his one fourth to Albert A. Bent and George P. Blake.

On May 31, 1855, the following warranty deed was executed by the first six persons named therein: "Know all men by these presents, that I, Albert A. Bent, in the right of his wife, Sarah G. Bent, John K. Pike, in the right of his wife, Mary Ann Pike, and said Mary Ann Pike in her own right, and George P. Blake, all of Boston in the Commonwealth of Massachusetts, in consideration of twenty-seven hundred and eleven dollars $\frac{94}{100}$, paid by Alexander Glover of Dorchester, cabinet-maker, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell, and convey unto the said Alexander Glover certain pieces or parcels of land in said Dorchester, to wit, [here followed a description of the land, including the parcel in question,] it being the intention of this instrument to convey to said Glover three undivided fourth parts of the above-described pieces and lots of land, being all our right and interest therein."

Following the habendum was the clause, "and we, the said grantors, for ourselves and our heirs, executors, and administrators, do covenant," &c., followed by the usual covenants. The *in testimonium* clause was as follows: "In witness whereof, we, the said Albert A. Bent, Sarah G. Bent, John K. Pike, Mary Ann Pike, and George P. Blake, with Mary Blake, wife of George P. Blake, in token of her release of all right and title of or to dower in the granted premises, have hereunto set our hands and seals this thirty-first day of May, in the year of our Lord eighteen hundred and fifty-five."

The deed was acknowledged on the same day by Sarah G. Bent, and by others.

The petitioner, under the name of Sarah G. Bent, executed and acknowledged the above deed, at the request of her husband, but without any other knowledge of the transaction, and without receiving any consideration therefor.

The respondent is the grantee, by mesne conveyances of the parcel in question, of Alexander Glover, named in the deed of May 31, 1855; and neither she nor her husband had notice of said want of knowledge and of consideration on the part of the petitioner.

Albert A. Bent, the petitioner's husband, died in October, 1877.

*W. E. Jewell*, for the petitioner.

*G. A. Fisher & G. V. Leverett*, for the respondent.

MORTON, C. J. We are of opinion that the deed of May 31, 1855, conveyed the interest which the petitioner had in the premises of which she seeks partition. There is some ambiguity in the first sentence, caused by the use by the scrivener of different language in regard to Mrs. Bent and Mrs. Pike, whose interests were similar; but, taking the whole deed together, it clearly manifests the intention to convey the interest of Mrs. Bent. At the time the deed was executed, Albert A. Bent owned one eighth of the premises, Mrs. Bent one quarter, Mrs. Pike one quarter, George P. Blake one eighth, and the remaining quarter was owned by the grantee, Alexander Glover. Mrs. Bent joins in the granting clause and in the covenants. If she executed the deed merely to release her right of dower in the part owned by her husband, it would have been so expressed in the *in testimonium* clause, as was done in the case of Mrs. Blake, who signed merely for that purpose. But the deed contains a clause which decisively shows the intentions of the parties. At the end of the description, it is declared to be "the intention of this instrument to convey to said Glover three undivided fourth parts of the above-described pieces and lots of land, being all our right and interest therein."

There is no way to make all parts of the deed consistent, and to carry out the clear intentions of the parties, except to hold that it conveyed the right and interest of Mrs. Bent in the premises.   *Judgment affirmed.*