JOSEPHINE MARTIN & others *vs.* ANN MARTIN.

Suffolk.　March 3, 1888. — April 6, 1888.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Assignment — Redemption — Interest — Married Woman — Husband — Tenant by the Curtesy.*

A married woman, who is the assignee of a mortgage given by her husband's former wife, is entitled to interest on the debt while he is in possession of the mortgaged premises as tenant by the curtesy.

BILL IN EQUITY, filed August 19, 1887, to redeem land from a mortgage.　Hearing before *Devens,* J., who reserved the case, on the bill, answer, and agreed facts, for the consideration of the full court.　The case was submitted on briefs to all the judges. The facts appear in the opinion.

*R. W. Light,* for the plaintiffs.

*J. M. B. Churchill,* for the defendant.

KNOWLTON, J.　The defendant is the assignee of a mortgage of real estate, given on June 1, 1873, to secure payment of eleven hundred dollars and interest thereon at seven per cent per annum, and has been in possession of the mortgaged premises since June 20, 1887, receiving the rents and profits thereof.　A balance of four hundred dollars of the principal remains due, and no interest has been paid since the assignment to the defendant, on April 15, 1881.　The plaintiffs bring their bill to redeem, and contend that the defendant is not entitled to interest, because her husband, to whom she was married a short time before taking the assignment, and who died on April 28, 1887, was formerly the husband of the mortgagor, and joined in the mortgage for the purpose of releasing his right as tenant by the curtesy initiate, and after the death of his former wife was in possession of the mortgaged property as tenant by the curtesy until his death.

He had no relation to the mortgage except through his right in the mortgaged estate.　He was not legally liable upon the debt secured, and as between himself and his wife, the assignee

of the mortgage, he was under no obligation to pay it or the interest upon it. In principle this case is precisely like *Bemis* v. *Call*, 10 Allen, 512, in which it appeared that a married woman mortgaged her separate real estate to secure her husband's debt, and after his death married another man, who took an assignment of the mortgage, and held it for several years until his death. It was decided that his administrator could enforce it against her for the benefit of his estate. See also *Cormerais* v. *Wesselhoeft*, 114 Mass. 550; *Tucker* v. *Fenno*, 110 Mass. 311. *Bemis* v. *Call* is decisive of this; in neither of them was the mortgage debt to be paid by the husband or wife of the person holding the mortgage; and in neither of them is there any conflict with the doctrine stated in *Chapman* v. *Kellogg*, 102 Mass. 246, and *Abbott* v. *Winchester*, 105 Mass. 115, to the effect that the union of two persons in marriage extinguishes all debts which either owes the other, and that the purchase by either of a note against the other deprives it of validity, so that it cannot be collected if subsequently sold to another person. But since these two cases were decided, the Sts. of 1871, c. 312, and 1874, c. 184, have been enacted, (see Pub. Sts. c. 147, §§ 1–7,) and a more liberal and equitable rule has been adopted, which is in harmony with modern legislation; and it is now settled in this Commonwealth, that the purchase by a husband of a mortgage given by his wife to secure her note does not invalidate the security, but merely suspends the right to enforce it. *Butler* v. *Ives*, 139 Mass. 202. *Model Lodging House Association* v. *Boston*, 114 Mass. 133.

The plaintiffs concede that the defendant is entitled to the principal of the mortgage debt, but contend that the interest should have been paid by the life tenant of the property, who was her husband, and that she has lost her security for that part of her claim. But the law recognizes no such distinction between principal and interest. Payment of the interest as well as of the principal was secured by the contract. *Brannon* v. *Hursell*, 112 Mass. 63. *Quinby* v. *Cook*, 10 Allen, 32. And the fact that her husband was in possession of the mortgaged estate as tenant by the curtesy put upon him, no obligation to her, legal or equitable, in reference to the interest upon the mortgage debt. As between him and the plaintiffs, who owned the

remainder after the termination of his life estate, it was his duty to pay the interest and keep down the incumbrance. But that was a duty which did not relate to her, and of which, if she had not been his wife, she could have taken no advantage. *Plympton* v. *Boston Dispensary*, 106 Mass. 544. *In re Morley*, L. R. 8 Eq. 594.

By redeeming the mortgage, the plaintiffs might at any time have put themselves in a position to enforce payment of interest by the life tenant, and to save themselves from risk of loss by his neglect. Upon the facts as now presented, they are entitled to redeem by paying the defendant $400, and interest thereon at seven per cent from April 15, 1881, less such deductions as should be made on account of her receipt of rents and profits.

*Decree accordingly.*