## SOUTH FRAMINGHAM COOPERATIVE BANK, PETITIONER.

Middlesex, December, 1903.

*Deed of Married Woman — Assent by Husband — Release of Curtesy.*

Title in this case is held under a deed given in 1892 by a married woman. The deed was signed and sealed by both the grantor and her husband, but contained neither a release of curtesy nor an assent by him in any express terms. The only mention made of the husband in the deed occurs in the testimonium clause which recites that " in witness whereof we, the said Elizabeth A. Granfield and William A. Granfield husband of the aforesaid Elizabeth, hereunto set our hands and seals." The Examiner questions the sufficiency of this deed as a bar to the husband's curtesy rights in the land thereby conveyed.

There has taken place at different times a material change in the attitude of conveyancers in regard to the proper execution of a deed of a married woman, caused by the various changes which have been made from time to time in the statutes. Sometimes the matter of importance has been the validity of the deed itself; at other times the question, as a matter of practical conveyancing, has been limited to the sufficiency of the deed as against the husband's curtesy.

At common law the deed of a married woman was absolutely void. Her estate could, however, pass by fine in which the husband joined. By Chapter 21 of the Acts of 1697 of the Province of Massachusetts Bay it was provided that all deeds of any lands within the Province signed and sealed

by the party granting should be valid to pass the same without any other act or ceremony in the law whatever. Whether the right of a married woman in this Commonwealth to convey her lands by deed rests on the common law right to join her husband in a fine supplemented by the Act of 1697, or on immemorial usage, is of little practical importance. Chief Justice Parker after careful consideration was of the opinion that it rests on usage founded in necessity, since a conveyance by fine was unknown to Massachusetts; but in later decisions the Court has been of the other opinion. Fowler v. Shearer, 7 Mass. 14. Thacher v. Omans, 3 Pick., 521. Bartlett v. Bartlett, 4 Allen 440.

When the Revised Statutes were compiled in 1836 there was added to the essential language of the Act of 1697 an express provision, merely declaratory, however, of the law as already fixed by judicial decision as above stated, that " a husband and wife may, by their joint deed, convey the real estate of the wife, in like manner as she might do by her separate deed, if she were unmarried." Revised Statutes, Chap. 59, Sec. 2. Provision was also made for the conveyance of the estate of a married woman where her husband was a minor, or in prison, or had abandoned her, or where she had come from another State without him. Acts of 1787, Chapter 32. Acts of 1823, Chapter 146. Revised Statutes, Chapter 77.

In 1845 provision was made for the acquirement by a married woman of property to be held to her sole and separate use, and such property she was authorized to convey by her sole deed, subject, however, to her husband's tenancy by the curtesy. Acts of 1845, Chap. 208.

These provisions for the acquirement of a separate estate by a married woman were greatly enlarged by the statute of 1855 as to any woman who should be thereafter married in the Commonwealth, and it was provided that any such woman might convey her real property in the same manner

as if sole, except that no conveyance of real property should be valid without the assent in writing of her husband, or the consent of a Judge of the Supreme, Common Pleas, or Probate Court, duly obtained. Acts of 1855, Chap. 304.

In 1857 the separate estate of a married woman was again enlarged, and it was provided that no conveyance should be valid without the assent in writing of her husband or the consent of a judge, in which last case, however, the estate by curtesy of her husband should not be impaired or conveyed. Acts of 1857, Chap. 249.

In the revision of 1860 provision was made for the conveyance of real estate of a married woman which was not her separate property, by a joint deed with her husband, in like manner as she might do by her separate deed if she were unmarried; and, as to real estate which was her separate property, by deed as if she were sole, except that such deed should not be valid without the assent of her husband in writing, or his joining in the conveyance, or the consent of a judge after proper proceedings, and not effective to impair the husband's rights as tenant by the curtesy without his written consent. G. S., Chap. 108, Sec. 2, 3, 10.

In 1874 a married woman was authorized to convey all of her real property as if she were sole, her separate conveyance, however, to be subject to her husband's contingent interest therein. Acts of 1874, Chap. 184.

When the Public Statutes were compiled in 1882 these provisions were materially changed in language, the new statute providing that a married woman may dispose of real property in the same manner as if she were sole, except that she shall not without the written consent of her husband destroy or impair his tenancy by the curtesy. P. S. Chap. 147, Sec. 1. In 1889 this act was amended by adding to tenancy by the curtesy the statutory life estate of a husband. Acts of 1889, Chap. 204.

In 1902 another material change was made, and the pro-

vision now reads that a married woman may dispose of her real property in the same manner as if she were sole, except that no conveyance other than one made under a decree of court shall impair the husband's tenancy by the curtesy, statutory or otherwise, unless he joins in the conveyance or otherwise releases his rights. R. L. Chap. 153, Sec. 1.

Considering the many and marked changes that have taken place in the statutes, and the decided variance among conveyancers both as to their intent and their effect, there are surprisingly few cases on the subject.

Prior to 1845 a joint deed, in which both husband and wife were made parties to the effective and operative part of the grant, was necessary both to the release of curtesy and to the validity of the deed itself. Catlin *v.* Ware, 9 Mass. 218. Lithgow *v.* Kavenagh, 9 Mass. 161, 173. Jewett *v.* Davis, 10 Allen, 68.

From 1845 to 1857 (except as next hereinafter noted), a married woman could convey her separate property without her husband joining in the deed, subject, however, to his curtesy. A release of curtesy, either specific or by general grant, was therefore necessary to bar his interest. Beal *v.* Warren, 2 Gray, 447. Comer *v.* Chamberlain, 6 Allen 166.

From the 1855 statute to that of 1857, a woman married within that period could convey real estate in the same manner as if sole, except that the deed was not valid without the written assent of her husband or the consent of a judge. Here clearly the consent necessary to validity was likewise sufficient to bar curtesy, the consent of the judge being equally efficacious with that of the husband. As to the separate property of women married before that time, a release of curtesy was necessary, and as to real estate not their separate property, a joint deed. Jewett *v.* Davis, 10 Allen, 68. Bent *v.* Rogers, 137 Mass. 192.

Mr. Crocker seems to have misapprehended the Court's interpretation of the granting clause in Bent *v.* Rogers.

The deed was the deed of several grantors. Sarah G. Bent was the wife of Albert A. Bent. The clause in question read " I Albert A. Bent, in the right of his wife, Sarah G. Bent, John K. Pike," and so on. The Court construed the clause as including Sarah G. as a grantor. Mr. Crocker leaves out the comma after the word " wife," and reads the whole clause " in the right of his wife Sarah G. Bent," as being merely descriptive of Albert's capacity as grantor. Crocker, Notes on Common Forms, p. 245.

From 1860 to 1874 the real estate of a married woman not her separate property still required a joint deed. Neither assent nor a signature limited to anything less than a joinder in the full grant was sufficient. If the assent was sufficient however, of course curtesy was of necessity covered in the grant of the entire estate. Concord Bank v. Bellis, 10 Cush. 276. Bruce v. Wood, 1 Met. 542. Lowell v. Daniels, 2 Gray 161. Perkins v. Richardson, 11 Allen 538. Leggate v. Clark, 111 Mass. 308. As to real estate which was her separate property, assent of the husband was necessary both to its validity and to bar his curtesy, and the assent was sufficient for both purposes. It had to be an assent in writing, and made as a part of the transaction, but it need be nothing more than an assent. It was in no sense the conveyance of an estate, or even a release; it could be put in whatever form might be desired, even that of an attesting witness, so long as it filled the single statutory requirement of a written assent. Basford v. Pearson, 7 Allen 504. Hills v. Bearse, 9 Allen 403. Townsley v. Chapin, 12 Allen 476. Staples v. Brown, 13 Allen 64. Melley v. Casey, 99 Mass. 241. Cormerais v. Wesselhoeft, 114 Mass. 550. Child v. Sampson, 117 Mass. 62. Without such assent, though the wife's deed might be validated by the consent of a judge, curtesy would not, after the act of 1857, be barred. Lynde v. McGregor, 13 Allen, 182.

I think that Mr. Crocker misapprehended this last case also. He construes the statute as above stated, but at first assumes, and then later merely suggests, that Staples *v.* Brown and Lynde *v.* McGregor are contra. Crocker, Notes on Gen. Stat. p. 290. Crocker, Notes on R. L. p. 505. The husband's right of curtesy under these statutes in his wife's separate estate was regarded as an inchoate possibility only, which, like dower, could be barred by apt language, but could not be separately conveyed nor seized by creditors, though unlike dower it could be barred by estoppel. Walsh *v.* Young, 110 Mass. 396. Silsby *v.* Bullock, 10 Allen 94. Hayden *v.* Pierce, 165 Mass. 359.

From 1874 to 1882 it seems clear that a release of curtesy was again necessary. The wife might convey as if sole, but her " separate conveyance " was " subject to her husband's contingent interest therein." There seem to be no cases on this point, but the opinion and practice of conveyancers was in accordance with what seems to be the clear intent of the statute.

In 1882 the language of the statute reverted partly to the Act of 1855 and partly to the law of 1860, and a married woman was permitted to dispose of all of her real estate " in the same manner as if she were sole," except that she could not " without the written consent of her husband " impair his curtesy. It seems clear that written consent in this statute is to be construed as before. No assent is necessary to the validity of the deed. The husband's signature and seal in witness of his wife's conveyance in fee in like manner as if she were sole, (free from all marital rights) is not only meaningless and worthless but misleading, unless it is an assent to bar his curtesy, the only way in which the deed which he solemnly joins in can take effect as written. Pacific Nat. Bank *v.* Windham, 133 Mass. 175, 178. I think that from 1882 to 1902, as from 1860 to 1874, written assent bars curtesy. This covers the case at bar. In passing it

may be noted that special provision was made in the Public Statutes that women conveying under decree of court should convey as if unmarried, thereby barring curtesy.

Since 1902, joinder by the husband in the grant, or a specific release of curtesy, except in deeds made under decree of court, seems once more to have become necessary.

Decree for petitioner.