MICHAEL GREENBURG *vs.* KATHERINE BOPP, executrix.

Suffolk.    January 21, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Assignment,* Of lease.    *Contract,* Consideration, Construction, Under seal.

A lessor and a lessee in a lease of real estate in which the lessee agreed to "assume and pay upon these premises all tax assessments and betterment assessments however laid or levied during the entire term of this lease," made a contract in writing and under seal, dated the day following that of the lease, in which it was recited that the lease had been made and that "said . . . [lessee] agrees to pay to the said . . . [the person named as lessor in the lease] the sum of" $300 annually for a certain period, and there also were stipulations for the ceasing of that obligation if the parties entered into a certain partnership and if certain federal income taxes were "abolished." The lessor assigned to a third party "all and whatever sum or sums of money now due and coming due to me from" the lessee, using his name, "under the terms of a certain lease between us," giving the date of the lease. In an action for a payment which, it was alleged, came due, after the assignment, under the contract following the lease, it was *held*, that
  (1) The contract and the lease were separate and distinct;
  (2) The assignment did not include the contract in suit;
  (3) The contract being under seal, a consideration was presumed sufficient to support it as binding;
  (4) A finding for the plaintiff was warranted.

CONTRACT upon a contract in writing and under seal dated September 2, 1920, whereby the defendant's testator agreed to pay the plaintiff annually $300 in lieu of federal income

taxes "on the amount reserved in" a certain lease by the plaintiff to the defendant's testator dated the previous day. Writ in the Municipal Court of the City of Boston dated November 13, 1923.

Material provisions of the contract of September 2, 1920, of the lease of September 1, 1920, and of a certain assignment by the plaintiff to one Isadore Greenburg, are described in the opinion.

It appeared that the assignment was dated July 10, 1922, and that a copy of it was sent by the plaintiff to the defendant's testator on July 12, 1922, with a letter reading as follows: "Enclosed please find copy of assignment made by me to my brother, Isadore Greenburg, of all monies which are now due or which may hereafter become due under the terms of the lease to you from me on premises corner Boulevard.and Shirley Ave., and you will therefore make all such payments to him in the future as may be due according to the terms of said lease, and his receipt shall be sufficient therefor."

At the close of the evidence at the trial in the Municipal Court, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence there was a failure of consideration.

"3. The contract sued upon is predicated upon the absolute understanding that the plaintiff was to remain as lessor to the defendant.

"4. There was no consideration for the contract declared upon.

"5. Upon all the evidence the plaintiff waived all the provisions of the contract sued upon, upon assigning his interest in the lease which constitutes an integral part of the contract."

The rulings were refused. The judge found for the plaintiff in the sum of $300 and reported the case to the Appellate Division, who ordered the report dismissed.

The case was submitted on briefs.

*S. L. Bailen, R. B. Brooks, & W. J. Kenney*, for the defendant.

*W. Hirsh,* for the plaintiff.

CARROLL, J.   The plaintiff and the defendant's testator entered into a written agreement dated September 2, 1920. It in substance provided that, whereas the plaintiff had executed a lease to Louis Bopp, the defendant's testator, of certain real estate, "and whereas said Louis Bopp has agreed to pay the sum of three hundred ($300) dollars per annum during the term of said lease in lieu of Federal Income Taxes on the amount reserved on the said lease . . . the said Louis Bopp agrees to pay to the said Michael Greenburg the sum of three hundred ($300) dollars" on September 1 of each year until 1935, beginning September 1, 1921.   It was stipulated that in case the federal income taxes " on incomes to the extent of seventy-five hundred ($7500) dollars are abolished the said payment shall abate from such date." It was also stipulated that if the plaintiff became "interested in an amusement enterprise to be formed by said Louis Bopp, the said three hundred ($300) dollars payments to abate as of such period."   The action is in contract, to recover the sum of $300 due September 1, 1923.

The lease was dated September 1, 1920, the lessee agreeing to "assume and pay upon these premises all tax assessments and betterment assessments however laid or levied during the entire term of this lease."   In 1922 the plaintiff assigned to Isadore Greenburg "all and whatever sum or sums of money now due and coming due to me from Louis Bopp of said Revere under the terms of a certain lease between us dated Sept. 1, 1920."   There was evidence that the plaintiff did not become interested with Bopp in any amusement enterprise.   In the Municipal Court of the City of Boston there was a finding for the plaintiff.   In the Appellate Division the report was dismissed, and the defendant appealed.

The lessee was not, under the terms of the lease, obliged to pay the sum of $300 during the term "in lieu of Federal Income Taxes" on the amount reserved on the said lease. *Codman* v. *American Piano Co.* 229 Mass. 285; the written agreement however has not been reformed.   We are bound by the record and cannot in this action, correct or set aside

the written agreement by which Bopp contracted to pay the agreed sum, although the lease did not require him to pay the sum of $300 each year "in lieu of Federal Income Taxes." We are not called upon to decide in this action, whether the contract of September 2 could be reformed in a suit in equity.

The date of the lease was September 1, 1920; the agreement on which the action was brought was dated September 2, 1920. The two instruments are separate and distinct. The assignment of the lease did not operate as an assignment of the agreement of September 2. The assignment refers only to the lease, and the "money now due and coming due to me from Louis Bopp . . . under the terms of a certain lease between us dated Sept. 1, 1920." The assignment did not include the contract in suit. The plaintiff's action does not rest on the lease, but on the contract of September 2. The defendant's contention therefore that the assignment of the lease assigned the contract, cannot be sustained.

*Torrey* v. *Wallis*, 3 Cush. 442, *Hunt* v. *Thompson*, 2 Allen, 341, and *Martin* v. *Martin*, 146 Mass. 517, are not applicable. The question decided in *James* v. *Newton*, 142 Mass. 366, 368, does not arise in the case at bar.

The contract of September 2 was a sealed agreement: a consideration is therefore presumed; and is a sufficient consideration to support the agreement as binding. *Roth* v. *Adams*, 185 Mass. 341, 343. *Graham* v. *Middleby*, 185 Mass. 349, 355. *Fletcher* v. *Fletcher*, 191 Mass. 211, 218.

The defendant's requests for rulings were denied properly. We find no error in the conduct of the trial. The order dismissing the report is affirmed.

*So ordered.*