WEED SEWING MACHINE COMPANY *vs.* SAMUEL P. EMERSON.

Berkshire.     September 8. — 9, 1874.     MORTON & ENDICOTT, JJ.,
                                  absent.

Where property is conveyed to a married woman, and by her, on the same day, mortgaged back to the grantor, the mortgage is void unless her husband joins in the conveyance or assents to it under the Gen. Sts. c. 108, § 3.

A deed of assignment of a mortgage, without covenants of warranty, does not estop the assignor, or those claiming under him, to set up an after-acquired title.

A recital in a conveyance, that the property is subject to a mortgage, and the excepting of the mortgage from the covenant of warranty therein, does not estop the grantee to dispute the validity of the mortgage as against the holder thereof.

WRIT OF ENTRY, dated May 27, 1872, to foreclose a mortgage of land in the town of Florida. In the Superior Court, the case was referred to an arbitrator, who reported the following facts :

On February 13, 1867, William H. Sanford conveyed the demanded premises by deed of warranty to Clarissa G. Harrington, then and ever since the wife of William G. Harrington, and living with him in this Commonwealth. On the same day, Clarissa G. Harrington executed and delivered to Sanford a mortgage deed of the same premises to secure the payment of her note for the sum of fourteen hundred dollars, given for a part of the purchase money due Sanford for said premises. The execution and delivery of said deed and mortgage were simultaneous, and both were recorded February 14, 1867. The husband of Clarissa G

did not join in said note or mortgage. This note of $1400 remains due and unpaid.

Sanford assigned the note and mortgage January 15, 1868, to Horatio H. Hutchins, who on January 16, 1868, assigned them to the demandant " as collateral security, and to hold subject to its control until redeemed by the said assignee or mortgagee, his heirs or assigns, according to law." The debt due from Hutchins to the demandant, for which it holds the note and mortgage as collateral security is now represented by three promissory notes, signed by Hutchins and payable to the demandant, one for $250, dated June 1, 1868, at six months ; one for $300, dated June 1, 1868, at eight months ; and one for $282.30, dated October 1, 1868, at four months. There is due on these notes, August 28, 1873, the sum of $1063.39.

Clarissa G. Harrington and her husband by quitclaim deed conveyed the demanded premises to Horatio H. Hutchins by deed dated and recorded May 26, 1868. Hutchins by warranty deed dated June 25, 1868, and recorded June 26, 1868, conveyed the same premises to Charles S. Blivin, " the said property subject to a mortgage of fourteen hundred dollars, also mortgage of four hundred dollars." It was agreed that the $1400 mortgage referred to in the deed, was the same $1400 mortgage given by Harrington to Sanford.

Charles S. Blivin conveyed said premises to Benjamin F. Hutchins by deed dated July 23, 1868, subject to said $1400 mortgage. Benjamin F. Hutchins, August 19, 1870, conveyed said premises to Augusta, wife of said Horatio H. Hutchins, subject to two mortgages of $1900, which sum includes said $1400 mortgage.

Augusta Hutchins (her husband, Horatio H. Hutchins, join ing in the deed to release " dower and homestead ") conveyed by warranty deed dated July 14, 1871, the said premises to Samuel P. Emerson, the tenant.

The arbitrator found for the tenant, subject to the opinion of the court upon the question whether the demandant was entitled to recover on the foregoing facts. The Superior Court ordered judgment for the demandant, and the tenant appealed to this court.

*J. M. Barker,* for the demandant. 1. The deed from Sanford to Clarissa G. Harrington and her mortgage back for the

purchase money, being simultaneous in execution and delivery, and relating to the same subject matter, were dependent acts, constituting one transaction, and to be construed together as one instrument. So construed the two papers are, together, the deed poll of Sanford to Clarissa G. Harrington, and all parts of both are equally binding upon her, her heirs and assigns, not as her deed, but as the deed poll of Sanford to her. This deed poll is then to be so construed, whatever its form, as to effectuate the true intent and meaning of the parties. It is to be construed as the covenant of Sanford to stand seised to the use of himself, his heirs and assigns, until the said Clarissa should pay to him, "his executors, administrators or assigns, or either of them the full contents of the" note given for the purchase money according to its tenor, and thereafter to the use of the said Clarissa, her heirs and assigns. That note having never been paid, the plaintiff as assignee of Sanford is entitled to be put in possession of the demanded premises, Sanford having, in his assignment of the mortgage, conveyed to Hutchins "the estate therein mentioned and described." It is admitted that the mortgage from Clarissa G., if it stood alone as the deed of a married woman, her husband not joining, would be void ; and that the court can hardly sustain the demandant's position without overruling the case of *Concord Bank* v. *Bellis*, 10 Cush. 276, in which the opinion of the court was given by the late Chief Justice Shaw. Witl. reference to this case it is respectfully submitted : 1st. That the opinion in that case decides that the conveyance and reconveyance were dependent acts, to be deemed to relate to each other and to constitute one transaction, and that they should be construed together. But when the learned chief justice comes to construe the two conveyances, instead of construing them together, under the first maxim of construction, " that a liberal construction shall be put upon written instruments, so as to uphold them, if possible, and carry into effect the intention of the parties," he, in fact, construes them separately, as " an absolute conveyance in fee to the grantee, and a reconveyance void in law, made by one having no legal authority to contract." 2d. That the question whether the two conveyances might not be construed together as the deed poll of Wheeler, does not appear to have been discussed in the case of *Concord Bank* v. *Bellis*. 3d. That long since the time of the de-

cision in *Concord Bank* v. *Bellis*, this court has decided, against the settled doctrine in England and the implied opinion of the court at an earlier date, that a covenant to stand seised can be supported by a money consideration as well as by a consideration of blood and marriage, and that between strangers in blood. *Trafton* v. *Hawes*, 102 Mass. 533, and cases cited. The doctrine is well settled that " a conveyance of land may always be construed to be that kind or species of conveyance which may be necessary to vest the title according to the intention of the parties, if such interpretation is not repugnant to the terms of the grant." *Chenery* v. *Stevens*, 97 Mass. 77, 86. *Marshall* v. *Fisk*, 6 Mass. 24, 32. 2 Washb. Real Prop. 146. Shep. Touch. 87.

 2. The demandant is entitled to recover because the tenant, as grantee through mesne conveyances, and privy in estate of Horatio H. Hutchins, is estopped to deny the validity of the demandant's mortgage. Horatio H. Hutchins assigns the mortgage to the demandant, for a valuable consideration, January 6, 1868, and, impliedly at least, warrants that it is a valid mortgage. Subsequently, May 16, 1868, he acquires a title expressly made subject to the mortgage, and this, his after-acquired title, comes in to satisfy his warranty that the mortgage was a valid mortgage, and he is estopped from denying it, as are also his grantees privies in estate. And when he conveys, June 25, 1868, to Bliven, he makes his deed subject to the mortgage, as do also the subsequent grantees, until the deed to Emerson. All these deeds were of record, and the tenant, if he has any title, took it with notice from the records that this mortgage was outstanding, made valid by the estoppel and the deeds of his mesne grantors, if in no other way. *Somes* v. *Skinner*, 3 Pick. 52. *White* v. *Patten*, 24 Pick. 324. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Dyer* v. *Sanford*, 9 Met. 395, 404.

*A. G. Potter*, for the tenant.

GRAY, C. J.   In order to maintain this action, the demandant must show a legal title. *Adams* v. *Parker*, 12 Gray, 53. And no such title is shown.

The mortgage made by Mrs. Harrington, her husband not assenting to or joining therein, was absolutely void. Gen. Sts. c. 108, § 3. *Concord Bank* v. *Bellis*, 10 Cush. 276. *Lowell* v. *Daniels*, 2 Gray, 161. *Warner* v. *Crouch*, 14 Allen, 163. **In**

*Concord Bank* v. *Bellis,* it was adjudged by this court, for reasons fully stated in the opinion delivered by Chief Justice Shaw, that such a mortgage was not made valid by being executed and delivered at the same time as the deed by which the wife acquired the estate. The rule, thus declared twenty years ago, cannot be reversed by the court without the danger of unsettling titles which have been taken in reliance upon it.

The assignment from Hutchins to the demandant, containing no covenants of warranty, was of such title only as he then had under the mortgage, and did not estop him to set up any title afterwards acquired. *Merritt* v. *Harris,* 102 Mass. 326. The description of the premises, in his subsequent deed thereof, as subject to this mortgage, and the exception of the mortgage out of his covenants in that deed, were for the purpose of protecting him from liability upon his covenants, and can have no effect to charge his grantee in this action.          *Judgment on the award for the tenant.*