### MATTHEW H. BELLIS *vs.* JOHN S. BELLIS.

Middlesex.    January 20. — March 26, 1877.    ENDICOTT, J., absent.

On a petition for partition, it appeared that in 1847 the respondent's mother, who owned the land, conveyed by a void deed the northerly half of it to him, and that he entered under the deed, and from its date to the present time exclusively occupied the principal part of the premises therein described, claiming to be the owner thereof in fee, of which the petitioner had always had knowledge. The mother died in 1849, and the respondent became a tenant in common with the petitioner in the premises. After the date of the deed, until the mother's death and for a year thereafter, the petitioner occupied the northerly part of the premises as the tenant of the respondent, paying him rent therefor. The dividing line, described in the deed, ran through the centre of the front door and front entry of the house, and continued through the kitchen and back stairway, so as to leave a strip about one foot in width of the kitchen and back stairway north of the line, which strip had

always been used in connection with the southerly part of the house, occupied by the petitioner. The judge, who tried the case without a jury, found as a fact that the petitioner occupied a part of the cellar and of a shed north of the dividing line, by permission of the respondent, as his tenant, but, in regard to the northerly half of the front entry and the strip, no such permission was found, or facts from which it could be inferred. *Held,* that the respondent had acquired title by adverse possession to the portion of the premises described in his deed, with the exception of the northerly half of the front entry and the strip.

PETITION to the Superior Court, served on the respondent on May 16, 1873, for the partition of a parcel of land in Waltham. Trial, without a jury, before *Colburn,* J., who allowed a bill of exceptions, so much of which as is necessary to the understanding of the point decided is stated in the opinion.

*E. D. Sohier & C. A. Welch,* for the petitioner.

*C. R. Train & J. O. Teele,* for the respondent.

MORTON, J. It is the general rule of law that the possession of one tenant in common, though exclusive, being consistent with the right of his co-tenant, does not amount to a disseisin of the co-tenant, and that an ouster, or some act which the law deems equivalent to an ouster, is necessary to constitute a disseisin of his co-tenant by a tenant in common. But if, with the knowledge of his co-tenant, he enters upon the land under a claim of exclusive right, and maintains his possession to the exclusion of his co-tenant, this will amount to a disseisin, which, if continued for twenty years, will give the disseisor a title by adverse possession. *Bigelow* v. *Jones,* 10 Pick. 161. *Rickard* v. *Rickard,* 13 Pick. 251. *Parker* v. *Proprietors of Locks & Canals,* 3 Met. 91. *Marcy* v. *Marcy,* 6 Met. 360. *Lefavour* v. *Homan,* 3 Allen, 354. *Prescott* v. *Nevers,* 4 Mason, 326.

In the case at bar, the premises of which partition is sought were conveyed to Nancy Bellis Hill, the mother of both parties to the suit, in 1842. In 1847, she attempted to convey to the respondent the northerly half of the premises. This conveyance was void because her husband did not join in the deed. *Weed Sewing Machine Co.* v. *Emerson,* 115 Mass. 554. *Concord Bank* v. *Bellis,* 10 Cush. 276. But the respondent entered under it, and, from the date of the deed to the present time, has exclusively occupied the principal part of the premises described in the deed, claiming to be the owner thereof in fee, of which claim the petitioner has always had knowledge. The

mother died in 1849. After the date of the deed, up to the time of the mother's death, and for one year since the death, the petitioner occupied the northerly part of the premises described in the deed to the respondent, as his tenant, paying him rent therefor. For two years therefore, before, by the death of the mother, he became co-tenant of the petitioner, he was in exclusive possession of the premises, claiming title. His original entry was not as a tenant in common with the petitioner, but as a disseisor of his mother. After the death of his mother, he continued the same exclusive possession, claiming to be sole owner under the deed of 1847, and this possession and claim were all the time known to the petitioner.

Under the authorities above cited, these acts of ownership by the respondent were equivalent to an actual ouster of his co-tenant, and amounted to a disseisin. The fact that the petitioner occupied a part of the cellar and of the shed belonging to the northerly half, claimed by the respondent, does not take away the exclusive character of the respondent's possession, because he did not occupy them in the assertion of his right as co-tenant, but by permission of the respondent. We are therefore of opinion that the Superior Court correctly held that the respondent had acquired a title by adverse possession, as against the petitioner, to that part of the premises of which he had exclusive possession.

But the court also ruled that, as matter of law, his title by adverse possession was coextensive with the premises which the deed to him purported to convey. Upon the facts stated in the bill of exceptions, we are unable to concur in this ruling. It appears that the southerly line described in the deed runs through the centre of the front door and front entry of the house, and continued through the kitchen and back stairway, so as to leave a strip about one foot in width of the kitchen and back stairway northerly of said line. This strip has always been used in connection with the southerly part of the house, occupied by petitioner. The front door and front entry were used in common by the occupants of both parts of the house. Upon these facts, it cannot be said that the respondent had exclusive possession of the northerly half of the front entry, or of the strip a foot wide included in and occupied as part of the petitioner's kitchen and back stairway.

The respondent contends that the general rule is, that " when a person enters into land under a deed, his possession is construed to be coextensive with his deed or title, and although the deed may turn out to be defective or void, yet the true owner will be deemed disseised to the extent of the boundaries of such deed or title." But the rule has this qualification, that the possession must be exclusive; and, if the true owner is in actual occupation of a part of the land described in the deed, the disseisin of the person entering will not extend to that part.

In the cases cited by the respondent, this qualification is noticed, or it was not necessary to refer to it, because the true owner had no actual occupancy of any part of the land. *Proprietors of Kennebeck Purchase* v. *Springer*, 4 Mass. 416. *Sicard* v. *Davis*, 6 Pet. 124. *Barr* v. *Gratz*, 4 Wheat. 213. *Bailey* v. *Carleton*, 12 N. H. 1. Suppose a man takes a void deed, including in its description two houses in a block ; he enters into and occupies one for twenty years ; the true owner occupies the other for the whole or a large part of the twenty years. Upon those facts alone, it could not be held that the grantee in the deed had acquired a title to both houses by adverse possession. He has not shown an exclusive adverse possession of the second house. If the true owner occupied it as the tenant of the grantee, and in subordination to his claim of title, his possession would be the possession of his landlord ; but, unless such tenancy is shown, his possession would be presumed to be under his own right.

In the case at bar, the presiding justice found, in substance, that the petitioner occupied the cellar and the part of the shed north of the dividing line by permission of the respondent, as his tenant ; but in regard to the northerly half of the front entry, and the strip of one foot in width, it is not found that he occupied them by the permission of the respondent, and no facts are found from which it must be inferred, as matter of law, that he occupied in subordination to the respondent's claim, rather than in the assertion of his own right as tenant in common. We are therefore of opinion that the learned judge erred in ruling, as matter of law, that, upon the facts reported, the respondent's title by adverse possession was coextensive with the description in his deed. *Exceptions sustained.*