GEORGE W. DODGE, administrator, *vs.* PLINY W. EMERSON.

Worcester.　Oct. 6. — 21, 1881.　LORD & ALLEN, JJ., absent.

The giving and acceptance of a promissory note of a debtor for a pre-existing debt secured by a mortgage is only presumptive evidence of payment; and it is a question of fact for the jury, upon all the evidence in the case, whether the note was given and received in payment of the mortgage debt.

At the trial of a writ of entry to foreclose a mortgage, the only question was whether the debt secured by the mortgage had been paid by the giving and acceptance of a new promissory note for the note secured by the mortgage. The judge, in the course of his charge, remarked to the jury that, in the contingency of the maker of a promissory note becoming insolvent, an old note and mortgage might be more valuable than a new note and mortgage. *Held*, that the tenant had no ground of exception.

WRIT OF ENTRY, by the administrator *de bonis non* with the will annexed of the estate of Nathaniel Dodge, to recover a parcel of land in Millbury, mortgaged on April 1, 1856, to Dodge by Harold Whittemore, who conveyed the same, on April 16, 1866, subject to the mortgage, to Jason Emerson, by whom, on November 1, 1875, it was conveyed to the tenant. Plea, *nul disseisin*, with a specification of defence that the debt secured by the mortgage had been paid. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the demandant; and the tenant alleged exceptions to certain instructions of the judge, which, together with the facts not above recited, appear in the opinion.

*J. Hopkins*, for the tenant.

*B. W. Potter*, for the demandant.

ENDICOTT, J.　The bill of exceptions states that the only disputed question in this case was, whether the debt secured by the mortgage had been paid.　The burden was on the tenant to prove payment, and he introduced a note of Jason Emerson, the tenant's grantor, for $1000, given to the demandant, August 30, 1875.　The amount of the mortgage debt at that time was between $1100 and $1200.　The demandant, admitting that he received the note, introduced evidence tending to prove that the note was not given and received in payment of the mortgage debt, but for a different purpose.

It does not appear, in the statement of the evidence, that the note which represented the mortgage debt, and which is

afterwards spoken of as the Whittemore note, was given up to Jason Emerson when his note of $1000 was received by the demandant. But it is to be presumed that there was some evidence of that fact, for the tenant contended that the giving of the note of August 30 by Jason Emerson, and the delivery to him of the Whittemore note, created a presumption in law that the one was given and received in payment of the other, and that the burden of proof was on the demandant to show that it was not so given.

The presiding judge explained to the jury, in a manner not objected to, the difference between the debt secured by the mortgage and the note described in the mortgage as evidence of that debt, and that the exchanging of the note so described for another note would not necessarily operate as a discharge of the mortgage, unless the mortgage debt was thereby paid. He then instructed the jury, to which instruction the tenant objected, that the acceptance of a promissory note of a debtor for a pre-existing debt secured by a mortgage is only presumptive evidence of payment, and left it for the jury, as a question of fact to be decided upon all the evidence in the case, whether the note of August 30 was given and received in payment of the debt secured by the mortgage.

We are of opinion that the tenant has no valid exception to this instruction. It is well settled in this Commonwealth, that the law will presume that the giving of a promissory note for a simple contract debt is payment of the debt; yet this is not a conclusive presumption, but may be rebutted and controlled by proof. And in many cases it has been decided that, if the debt is a note secured by mortgage, the renewal of the note, or the substitution of another note therefor, is not necessarily to be presumed a payment, so as to discharge the mortgage. *Taft* v. *Boyd*, 13 Allen, 84, and cases cited. In that case, it was held that there is no conclusive presumption that a note and mortgage taken for the amount found due upon a computation of the amounts of former notes secured by mortgages, as well as of mutual claims unsecured by mortgage, were accepted in payment and discharge of such former notes and mortgages ; but if there is any evidence tending to show they were so accepted, the question should be submitted to the jury. *Melledge* v.

*Boston Iron Co.*, 5 Cush. 158. *Curtis* v. *Hubbard*, 9 Met. 322. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194. The remark of the judge to the jury, that, in the contingency of the maker of a promissory note becoming .insolvent, an old note and mortgage might be more valuable than a new note and mortgage, was not the assertion or assumption of a fact, but was a matter proper to call to the attention of the jury, as bearing upon the question which they were to decide. *Dole* v. *Thurlow*, 12 Met. 157. *Melledge* v. *Boston Iron Co.* 5 Cush. 158.

*Exceptions overruled.*