JOHANNA TRACY *vs.* JOHN A. LINCOLN.

Middlesex. November 10. — 23, 1887. DEVENS & W. ALLEN, JJ., absent.

A. borrowed a sum of money from B., and gave him a promissory note therefor, secured by a mortgage of personal property which he had formerly owned, but which he had previously conveyed to his wife, through a third person. Afterwards A., not having paid any part of the sum so lent to him by B., borrowed from B. another sum, and gave him a promissory note for the amount of both loans, secured by another mortgage of the same property ; and B. surrendered to A. the first mortgage and note. Both mortgages were duly recorded. A. died without having paid any part of the second mortgage, and B. took possession of the property under a foreclosure of the mortgage. A.'s wife was present and heard A. and B. making the arrangements for the first loan, and knew such loan was to be made on the security of a mortgage of her property, but did not inform B. of her claim to the property ; and B. did not know of such claim until after A.'s death. In an action by A.'s wife against B. for conversion of the property, the judge ruled that the plaintiff's conduct would create an estoppel against her as to the first mortgage and note, but not as to the second, if the first were in fact paid by the second ; and that the giving of the second was *prima facie* payment of the first. *Held,* that the defendant had no ground of exception.

TORT, for the conversion of certain personal property. Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows :

The evidence showed that the property alleged to have been converted was owned by Patrick Tracy, the husband of the plaintiff ; that he conveyed the property on October 10, 1883, to William H. Ryan, who, on the same day, conveyed the same

to the plaintiff; that the plaintiff paid Ryan $400 for the property; that Ryan paid the money to the plaintiff's husband for the property; and that, on January 26, 1885, the plaintiff's husband borrowed of the defendant $105, and gave to the defendant his negotiable note for said sum, payable in two months, secured by a mortgage covering the property in suit, which mortgage was duly recorded.

On April 16, 1885, the plaintiff's husband, not having paid any part of the January loan, except the interest thereon, borrowed $100 more from the defendant, and gave to the defendant his negotiable note for $200, covering the January loan and the new loan, payable in one month from its date, secured by another mortgage, in the same form, and covering the same property, and this mortgage was also duly recorded. At the same time the defendant surrendered to the plaintiff's husband the January mortgage and note.

On September 13, 1885, the plaintiff's husband died, and the defendant, on September 26, 1885, took possession of the property in suit for the purpose of foreclosing the April mortgage, which had not been paid in any part, except the interest.

The defendant introduced evidence tending to prove that the plaintiff was present and heard the defendant and her husband making the arrangements for the defendant to lend her husband the $105, on January 26, 1885; that she knew such loan was to be made on the security of a mortgage by her husband on the property which she herself claimed to own; that she neglected to inform the defendant of her claim to the property; and that the defendant did not know of her claim to the property until after the husband's death. Upon this matter the evidence was conflicting.

The defendant requested the judge to instruct the jury that such conduct on the part of the plaintiff would estop her from claiming the property, as against the defendant, until the January loan of $105 was repaid to the defendant.

The judge declined to instruct the jury as requested by the defendant, but instructed them that such conduct would create an estoppel on the plaintiff as to the January mortgage, but that such estoppel would not extend to the April mortgage, if the April mortgage and note were given in payment of the January

mortgage and note; that the estoppel would not continue, if the January mortgage and note were in fact paid, and the mortgage cancelled or surrendered for the purpose of relinquishing all claim under the same; that the giving of the April mortgage and note was *prima facie* payment of the January mortgage and note; that if the January mortgage and note were given back by the defendant to the plaintiff's husband for the purpose between them of surrendering them, that is, of giving up all claim under them, then the estoppel would not continue, but that it would continue if they were given back with an agreement that the January mortgage and note should stand, that is, that the April mortgage and note should not be considered a payment and discharge of the January mortgage and note; that if the April mortgage and note were taken in payment of the January mortgage and note, then, the January mortgage and note having been paid, the plaintiff would not be estopped by what took place in January to set up her title as against the April mortgage.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*P. Keyes*, for the defendant.

*H. N. Allin*, for the plaintiff.

KNOWLTON, J. The plaintiff, by her silence on January 26, 1885, was estopped from claiming her property as against the mortgage which the defendant then took. The intention by one's conduct to induce another to change his situation, which is said in many of the cases to lie at the foundation of the doctrine of estoppel *in pais*, is commonly inferred from the conduct itself. It is sometimes even conclusively presumed from it, or rather, the actor is held to be bound by the inference of his intention legitimately drawn from his acts by the party with whom he is dealing. If his conduct is in fact acted upon by another, and is of such a kind that a reasonable man would rely on it, and would believe that he meant it as an inducement to be acted upon, he is bound by it. And this is often true of conduct by negligence or omission, where for any cause it is the duty of a person to disclose the truth. The plaintiff's failure to declare her ownership, when she was present and knew that the defendant was lending his money on the supposed security of

her husband's mortgage of her chattels, was equivalent to consent to the conveyance, and an agreement not to set up her title against it. *Fall River Bank* v. *Buffinton*, 97 Mass. 498. *Fowler* v. *Parsons*, 143 Mass. 401. *Freeman* v. *Cooke*, 2 Exch. 654. *In re Bahia & San Francisco Railway*, L. R. 3 Q. B. 584.

But the law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate. The plaintiff was estopped from denying the validity of the transaction into which, with her knowledge, the defendant was induced to enter by her conduct. The arrangement then made gave him security for the note then given. She was not estopped from claiming her property as against a new mortgage which might subsequently be made, nor from availing herself of a release of the mortgage, or a payment of the note, even though such payment would not have been accepted in the form in which it was made, if the mortgagee had known that the mortgagor could not give a good title by a new mortgage. Her silence cannot, upon any correct principle, be held to affect her in connection with transactions which did not directly result from it. She cannot be deemed to have contemplated the making of a mortgage in April, 1885, nor the payment of the original mortgage note by a new one. If the defendant suffered from mistaken confidence in his new security, it was a misfortune for which she is not legally responsible.

The jury were rightly instructed " that the giving of the April mortgage and note was *prima facie* payment of the January mortgage and note," which were surrendered at the same time ; and, under all the instructions, they must have found that, when the defendant surrendered the papers, he intended to give up his claim under them. *Taft* v. *Boyd*, 13 Allen, 84. *Dodge* v. *Emerson*, 131 Mass. 467.          *Exceptions overruled.*