OLAF WENDALL vs. JOHN M. FISHER.

Bristol.    October 24, 1904. — November 23, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Way*, By exception or reservation, By unrecorded grant.  *Deed*, Construction of covenant, Unrecorded grant.  *Easement.*

A clause in a covenant against incumbrances in a deed, excepting from the covenant a right to pass and repass on a certain road over the land conveyed, merely modifies liability upon the covenant, and does not estop the grantee from denying the right described; still less is it an exception or a reservation from the grant.

An instrument executed under seal by the owners of adjoining lots of land, purporting to establish the boundaries of a right of way, although unrecorded, is binding upon subsequent owners of the servient lot having notice of its existence.

CONTRACT for alleged breach of the covenants of warranty in a deed of certain land on Locust Street in Attleborough. Writ dated March 3, 1903.

At the trial in the Superior Court before *Hitchcock*, J., it appeared, that in April, 1857, one Peter Thacher conveyed the premises to one Albert Goff in fee, by a deed which contained no exception or reservation in either the granting or the habendum clause, and contained the following covenants : " and I the said Peter Thacher for myself and my heirs, executors and administrators, do covenant with the said Albert Goff and his heirs and assigns, that I am lawfully seised in fee simple of the aforegranted premises, that they are free from all incumbrances except a right to pass and repass in the road leading from the barn to the swamp where we get mud by our putting up bars, with teams and otherwise ; that I have a good right to sell and convey the same to the said Albert Goff, his heirs and assigns forever as aforesaid, and that I will and my heirs, executors and administrators shall warrant and defend the same to said Albert Goff, his heirs and assigns forever, against the lawful claims and demands of all persons."

At the time of this conveyance the premises were bounded upon one side by the highway and upon the other three sides by the remaining land of the grantor.  The " road leading from the

barn to the swamp" mentioned in the deed was a road or path running across the land conveyed from one portion to another portion of the grantor's remaining and adjoining land. The defendant derived title to the premises through mesne conveyances from Albert Goff, and conveyed the premises to the plaintiff. All the deeds contained full covenants of warranty. When the action was brought, Peter Thacher was dead and his son John Thacher was the owner of the land surrounding the premises on three sides.

The plaintiff offered in evidence a written agreement executed by Albert Goff and John Thacher, acknowledged on November 19, 1900, but not recorded, a part of which was admitted against the objection and subject to the exception of the defendant. The part admitted was as follows:

"This agreement made this twelfth day of February 1869 between John Thacher of Attleboro of the one part and Albert Goff of said town of the other part witnesseth;

"And whereas there is a right of way across said Goff's farm for said Thacher to use as occasion may require, now in order to make and establish said way certain, and to establish the bounds thereof for us and our heirs and assigns forever, do hereby agree to establish said way as follows," [here followed a description of the way by courses and distances.] "John Thacher" (seal) "Albert Goff" (seal).

Evidence also was offered by the plaintiff showing that the defendant knew of the execution and existence of this agreement, having been told by Thacher and other persons that the agreement was in existence. Evidence also was produced showing that the way in question had been used continuously and uninterruptedly by Thacher and those in his employ for different purposes since 1857, and that the defendant knew that the right of way had been used by Thacher since 1857, and was told by Thacher and others in his employ that Thacher had such a right of way, and also showing that when the plaintiff bought from the defendant he constructed a wire fence across the location of the way, and that Thacher cut the fence, and then informed the plaintiff of his right of way over the property; that thereupon the plaintiff went to see the defendant and told him of the right of way in question, and of the agreement, and

that the defendant stated that he knew of the existence of the agreement, and had known it when he bought the premises, but that he would make things right.

No evidence was produced by the defendant in contradiction of the foregoing testimony.

At the conclusion of the evidence the defendant asked the judge to rule as follows : 1. That the plaintiff must rely upon a sufficient reservation of a right of way in the deed of Peter Thacher to Albert Goff offered as evidence. 2. That the exception under the covenant against incumbrances is not a reservation of a right of way. 3. That the deed does not contain any reservation of a right of way. 4. That, if the judge rules that the exception contained in the covenant against incumbrances is a legal reservation of a right of way, such reservation was a personal right of the grantor and did not descend to his heirs at law or pass to his grantees. 5. That if the judge rules that the exception inserted in the covenant against incumbrances is an effective reservation of a way, such reservation is limited to the life of the grantor and does not pass to his heirs and assigns, and a reservation in fee was not created.

The judge refused to give these rulings, but instructed the jury that they might consider the deed of 1857 from Peter Thacher to Albert Goff as establishing a right of way still existing across the plaintiff's land.

The jury returned a verdict for the plaintiff in the sum of $1,030.80 ; and the defendant alleged exceptions.

_F. B. Fox,_ for the defendant.

_H. H. Robinson,_ (_R. P. Coughlin_ with him,) for the plaintiff.

HAMMOND, J. By the granting and the habendum clause in the deed of Thacher to Goff, the land therein described was conveyed in fee. The clause " except a right to pass and repass in the road leading from the barn to the swamp where we get mud by our putting up bars, with teams and otherwise " first appears in the covenant against incumbrances.

This exception must be regarded therefore as inserted only for the purpose of modifying to that extent the liability upon the covenants. It did not estop the grantee from denying the existence of the right therein described as against any person asserting it. _Weed Sewing Machine Co._ v. _Emerson,_ 115 Mass. 554.

Much less was it a reservation or exception from the grant; and the principle upon which cases like *White* v. *New York & New England Railroad,* 156 Mass. 181, and *Hamlin* v. *New York & New England Railroad,* 160 Mass. 459, 461, rest is not applicable. It follows that the second and third of the defendant's requests for instructions should have been given, and the instruction that the jury might consider the deed from Thacher to Goff as establishing a right of way which is still existing across the plaintiff's land was erroneous.

No error is shown in the admission of the sealed agreement subsequently executed by Thacher to Goff, purporting to establish the boundaries of the way. Although unrecorded, it was binding upon subsequent holders under Goff with notice.

*Exceptions sustained.*