ELLEN F. WING & another *vs.* GEORGE DEW. DEANS, administrator.

Suffolk.    January 20, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Husband and Wife.*

A deed of land and all the covenants therein made by a married woman be-fore St. 1874, c. 184, are void if her husband did not join in the deed or assent thereto in writing.

BILL IN EQUITY, filed in the Supreme Judicial Court on Feb-ruary 6, 1912, and afterwards amended, to enjoin the defendant from prosecuting a writ of entry which, as the heir at law of one Nancy S. Davis, formerly Nancy S. Deans, he had brought against one Mary Judson Eldridge to recover a one fifth undivided in-terest in certain real estate in Needham which Nancy S. Deans in 1871, while her husband was living and without his assenting thereto, had undertaken to convey to the plaintiffs' ancestor, who, by mesne conveyances with covenants of warranty, had conveyed it to the tenant in the writ of entry.

The case was reserved by *Sheldon,* J., upon an agreed statement of facts, for determination by the full court.

The material facts are stated in the opinion.

*J. T. Pugh,* for the plaintiffs.

*R. D. Ware,* for the defendant.

BRALEY, J.    A married woman at common law was incapable of conveying her lands by deed, and the conveyance including

the covenants was not merely voidable, but absolutely void either in law or equity. *Fowler* v. *Shearer,* 7 Mass. 14. *Concord Bank* v. *Bellis,* 10 Cush. 276. *Jewett* v. *Davis,* 10 Allen, 68. *Nolin* v. *Pearson,* 191 Mass. 283, 284. Nor unless acting under a power of appointment could she make a valid will devising real property. *Bunnell* v. *Hixon,* 205 Mass. 468. But, whether through immemorial usage as stated by Chief Justice Parsons in *Fowler* v. *Shearer,* 7 Mass. 14, 21, or by force of the Prov. St. of 1697, c. 21, § 1, relied on by Chief Justice Bigelow in *Bartlett* v. *Bartlett,* 4 Allen, 440, 441, 442, a deed of conveyance jointly executed by husband and wife passed a valid title to her real estate, although she would not be liable on the covenants except in so far as they might operate by way of estoppel. *Colcord* v. *Swan,* 7 Mass. 291. *Wright* v. *Shaw,* 5 Cush. 56, 66. *Doane* v. *Willcutt,* 5 Gray, 328, 332. The provisions of the Rev. Sts. c. 59, § 2, re-enacted in substance in the Gen. Sts. c. 108, § 2, are merely declaratory of the law as defined in these decisions.

By the St. of 1845, c. 208, §§ 1, 2, 3, a married woman was enabled to receive and to hold real property by antenuptial settlement, or by conveyance or devise, to her sole and separate use without the intervention of a trustee, and free from the control of her husband. It was held in *Beal* v. *Warren,* 2 Gray, 447, 457, that under this statute she could convey property held to her separate use even if her husband did not join in the conveyance. The St. of 1855, c. 304, § 3, and the St. of 1857, c. 249, § 2, however, while confirming the right to bargain, sell and convey an estate so held as if she were sole, provided, that her husband must assent in writing to the conveyance. See *Smith* v. *Bird,* 3 Allen, 34.

It resulted from these enactments, that the husband's rights in his wife's lands might be either at common law, where the conveyance must be by their joint deed, or in her separate estate as tenant by the curtesy, where she might convey the fee since the St. of 1855, c. 304, only with his consent in writing, although he need not appear as a grantor. *Comer* v. *Chamberlain,* 6 Allen, 166. *Chapman* v. *Miller,* 128 Mass. 269. *Hayden* v. *Pierce,* 165 Mass. 359.

The Gen. Sts. c. 108, § 1, did away with this distinction, and real property acquired by a married woman either by descent, devise

or grant after the revision took effect became her separate estate. *Caldwell* v. *Blanchard*, 191 Mass. 489, and cases cited. But under § 3 no conveyance of her separate property shall be valid without the assent of the husband in writing, or "his joining with her in the conveyance." *Weed Sewing Machine Co.* v. *Emerson*, 115 Mass. 554. If by reason of "sickness, insanity, or absence from the state . . . or other good cause" his assent could not be obtained, application could be made to a judge of this court or of the Superior Court or the Probate Court for the judge's consent to the execution of the deed. Gen. Sts. c. 108, § 3. *Lynde* v. *McGregor*, 13 Allen, 182, 184. It is to be borne in mind that these statutes are a modification of the common law, and the right to convey is expressly made dependent upon compliance with precedent conditions, so that the conveyance by a married woman of her separate real property before the St. of 1874, c. 184, took effect removing the disability, unless executed in strict conformity therewith did not divest her title, and was void. *Lowell* v. *Daniels*, 2 Gray, 161. *Jewett* v. *Davis*, 10 Allen, 68. *Pierce* v. *Chace*, 108 Mass. 254, 259. *Knight* v. *Thayer*, 125 Mass. 25. *Chapman* v. *Miller*, 128 Mass. 269.

If no estate passed because of the grantor's incapacity to make a valid conveyance, the covenants are also void, and the grantee even if put in possession, or those claiming under him, cannot maintain an action on the covenant of warranty upon eviction by the grantor, her heirs or devisees. Gen. Sts. c. 108, §§ 1–3. *Nash* v. *Spofford*, 10 Met. 192. *Lowell* v. *Daniels*, 2 Gray, 161, 166, 168. *Doane* v. *Willcutt*, 5 Gray, 328, 332. *Cole* v. *Raymond*, 9 Gray, 217, 218. *Bartlett* v. *Bartlett*, 4 Allen, 440. *Basford* v. *Pearson*, 7 Allen, 504. *Plumer* v. *Lord*, 9 Allen, 455, 457. *Melley* v. *Casey*, 99 Mass. 241. *Weed Sewing Machine Co.* v. *Emerson*, 115 Mass. 554. *Russ* v. *Alpaugh*, 118 Mass. 369, 376. *Bank of America* v. *Banks*, 101 U. S. 240, 247.

It follows upon the pleadings and agreed facts, that the deed of Nancy S. Deans of her separate estate given April 7, 1871, to John A. Wing, the plaintiffs' ancestor, which purported to convey with full covenants of seisin and of warranty her interest in the land described in the bill, having been executed without her husband, George W. Deans, who was then living, assenting to or joining therein is void. The covenants cannot be separated

from the conveyance and treated as an independent agreement under seal, and the defendant as her sole heir at law can set up the invalidity of the deed, and establish his title by writ of entry, the prosecution of which the plaintiffs ask to have permanently enjoined. R. L. c. 179, § 2. *Twomey* v. *Linnehan,* 161 Mass. 91. The temporary injunction therefore must be dissolved, and the bill dismissed with costs.

*Decree accordingly.*