GEORGE D. DEANS, administrator, *vs.* MARY J. ELDREDGE.

Norfolk. March 17, 1914.— May 21, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Deed,* Extrinsic evidence. *Evidence,* Extrinsic affecting writings. *Estoppel. Limitations, Statute of. Adverse Possession.*

Where the language of a deed is explicit and free from ambiguity, evidence as to the instructions given to the scrivener and of oral expressions of the grantors as to their intent are manifestly incompetent. In the present case the trial judge found from the deed and the attendant circumstances that the intent of all the parties was that which the oral evidence was offered to show, so that, even if the evidence had been competent, its exclusion produced no effect.

Where a married woman, having a vested remainder in one undivided fifth of certain land subject to a life estate, before the enactment of St. 1874, c. 184, without the joining or assent in writing of her husband joined with the other owners of the remainder and with the life tenant in a deed conveying the land in fee with covenants of warranty, and thereafter the life tenant who joined in the conveyance lived for thirty-five years and was survived by such married woman, who died intestate a year later, the sole heir at law of such married woman may maintain a writ of entry to recover the undivided fifth of the land on the ground that the deed and its covenants were void as to the plaintiff's intestate; because the intestate had no right of possession until the death of the life tenant, and

therefore was not estopped to assert her title by a failure to bring an action which she had no right to maintain, and there was no adverse possession against her until such termination of the life tenancy.

WRIT OF ENTRY in the Land Court, brought by the adminis- trator of the estate of and the sole heir at law of Nancy S. Davis, formerly Nancy S. Deans, dated January 17, 1911, for an un- divided one fifth part in a certain parcel of land in Needham.

On February 6, 1912, a bill in equity was filed by the heirs at law of John A. Wing to enjoin the demandant from prosecuting his writ. By a decision of this court, reported in 214 Mass. 546, it was held that a deed to John A. Wing executed by Nancy S. Deans in 1871 was void as to her because her husband did not join therein or assent thereto in writing, and it was ordered that the bill be dismissed.

After the issuing of the rescript in the suit in equity the writ of entry was tried on its merits before *Davis,* J.

It was agreed that the demandant's ancestor, Nancy S. Deans, was seised of one undivided fifth interest in the demanded premises on and before April 7, 1871, that on April 7, 1871, she joined in a deed of the demanded premises to John A. Wing, that on said date Hannah M. Richards, named therein, had a life interest in said real estate, that the other persons named as grantors in said deed were tenants in common in remainder, each having one undivided fifth interest in remainder, and that said deed, and the covenants therein, were valid and effectual in all respects as to all parties named as grantors, except as such deed and covenants might not have been valid and effectual as against Nancy S. Deans. The facts on which the validity or invalidity as to her of the deed and covenants depended, in addition to the fore- going, were as follows: That Nancy S. Deans had on said date as her sole and separate property one undivided fifth interest in re- mainder in said estate; that she was over the age of twenty-one years and was the lawful wife of George W. Deans, who was then living and did not join in said deed, and never assented thereto in writing; that immediately thereafter John A. Wing entered upon said premises, and he and his successors in title were and remained in open and adverse possession of the same until the filing of the writ of entry by the demandant; that thereafter, on May 12, 1881, Nancy S. Deans was granted a decree of divorce *nisi* by the

Supreme Judicial Court for Suffolk county on her libel against her said husband, and thereafter married George C. Davis some time between 1881 and 1891, and that said George W. Deans died in 1888; that Hannah M. Richards died on October 16, 1906, Nancy S. Deans, then become Davis, being then living; that said Nancy died intestate on April 26, 1907, leaving the demandant as her only heir at law.

The demandant further introduced in evidence the decision in *Wing* v. *Deans,* 214 Mass. 546, and claimed the demanded one fifth interest as heir at law and administrator of the estate of said Nancy.

The following additional facts also appeared in evidence: That, at the time of her deed in question, the widow, Hannah M. Richards, and all the heirs of Jeremiah F. Richards, named in said deed, were living in Dedham and Nancy S. Deans was living with her husband across the street from her mother's family; that she was friendly with her family, but her husband was not; that the family owned a good deal of unimproved land, but had little or no money; that they were indebted for provisions and other necessaries to John A. Wing; that the amount of this indebtedness of about $300 formed a part of the consideration of the deed referred to, the balance of the purchase money being paid in cash; that the sale was necessary; that the said Nancy took part in the transaction; that Wing immediately entered upon the premises and said Nancy continued to live where she knew, or must be presumed to have known, of the continued and exclusive occupation by Wing and those claiming under him from 1871 until her death in 1907; and that the scrivener who drew the deed mentioned above was acting for both sides.

The tenant offered to show the conversations of the parties in the presence of the scrivener regarding the proposed deed and the instructions given him by them relative to the transfer of the premises to Wing, and offered to show that all the grantors desired and intended to give a clear title in fee to Wing, and that the life tenant told her children, the remaindermen, to do whatever was necessary to make such conveyance, leaving the disposition of the property entirely with them, and further, that the scrivener was told to draw a deed to convey such an estate in fee.

Upon the demandant's objection, the judge excluded all testimony as to instructions given to the scrivener and the intent of the parties as orally expressed, and the tenant excepted.

The judge found from the deed and the attendant circumstances that the intent of all the parties was to convey the land in question to Wing.

The tenant contended that the demandant's ancestor was estopped by her conduct, although the deed was void as to her, and further contended that title had been acquired as against such ancestor by adverse possession, but the judge ruled, as a matter of law:

1. That, the deed of Nancy S. Deans being void under the decision of this court in *Wing* v. *Deans*, 214 Mass. 546, there was no estoppel by her conduct, that the decision was conclusive against the tenant on the question of estoppel, and that, the deed being void, the whole transaction fell as to her interest.

2. That, although Nancy S. Deans took part in the deed to Wing purporting to put him in the premises as of a full estate in fee and allowed him to remain in for more than twenty years and to improve the estate, yet she was not estopped because she could not have taken any action to assert her actual title until 1906.

3. That if Nancy S. Deans ought not to have taken action or could not have taken action to assert her title, there was no estoppel against her.

4. That, although the tenant and those under whom he claimed had been in open, continuous and exclusive adverse possession of the premises, claiming an estate in fee simple for more than twenty years with the knowledge of said Nancy, no title had been acquired as against her.

5. That Nancy S. Deans could not have asserted her rights to the premises until the death of the life tenant in 1906, and that adverse possession did not begin to run against her until such death.

6. That the life estate of Hannah M. Richards was not extinguished by the transaction and deed in question.

7. That Nancy was not a co-tenant after the execution of the deed to Wing and that she could not have asserted her rights before the death of the life tenant in 1906.

8. That the demandant could maintain the writ of entry in this case.

The demandant having waived any claim for damages and the tenant having waived any claim for improvements, the judge ordered judgment for the demandant for an undivided fifth interest in the land in question. The tenant alleged exceptions.

*J. T. Pugh*, for the tenant.

*R. D. Ware*, (*R. J. Cram* with him,) for the demandant.

CROSBY, J. This is a writ of entry, brought by the demandant in his capacity as administrator of the estate of Nancy S. Deans and also in his own right as heir at law of the intestate, to recover one undivided fifth part in the demanded premises, and is the action referred to in *Wing* v. *Deans*, 214 Mass. 546.

The judge of the Land Court having ruled that the action could be maintained, and having made certain other rulings, the questions presented involve the correctness of those rulings. The tenant contends that the demandant's ancestor, Nancy S. Deans, was estopped by her conduct from demanding any interest in the premises, and therefore that no title vested in the demandant. The tenant also claims title by adverse possession.

1. The tenant excepted to the exclusion by the trial judge of all testimony as to instructions given to the scrivener, and the intent of the parties as orally expressed. We are of opinion that this evidence was incompetent. The deed upon its face is explicit in its language and free from ambiguity, and parol evidence which would tend to vary and control its express provisions was manifestly inadmissible. If the language in which a grant is expressed is ambiguous or capable of a double interpretation, parol evidence of the attendant circumstances, the situation of the parties, and the purpose of the conveyance is admissible to ascertain and interpret the intent of the parties in their use of words which otherwise would be obscure. *Derby* v. *Hall*, 2 Gray, 236. It is difficult to see how the evidence was material had it been competent, in view of the following finding: "The court found from the deed and attendant circumstances that the intent of all parties was to convey the land in question to said Wing." This exception must be overruled.

2. The deed given by Mrs. Deans and others in 1871, having been held to be void as to her (*Wing* v. *Deans*, 214 Mass. 546), she continued to have title to one undivided fifth interest in the

land subject to the life estate of her mother, Hannah M. Richards; as the deed was void as to Mrs. Deans, it follows that the covenants therein are equally without binding effect as against her. It was said by this court in that case: "If no estate passed because of the grantor's incapacity to make a valid conveyance, the covenants are also void, and the grantee even if put in possession, or those claiming under him, cannot maintain an action on the covenant of warranty upon eviction by the grantor, her heirs or devisees." It is undoubtedly true that an equitable estoppel is held to exist in certain cases where one's conduct is such as to induce another to change his situation. The actor may be bound by such conduct if another acts upon it in good faith and it is of such a kind that a reasonable man would rely upon it. *Snow* v. *Hutchins,* 160 Mass. 111. *Tracy* v. *Lincoln,* 145 Mass. 357. *Fowler* v. *Parsons,* 143 Mass. 401. This doctrine, however, is not to be applied except when to refuse it would be manifestly inequitable. As was said by Knowlton, J., in *Tracy* v. *Lincoln, ubi supra:* "The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate."

If the demandant's ancestor should have taken action to assert her title and neglected to do so, she might well be held to be estopped by reason of her conduct, yet, if she was not required to act or was unable to do so, then there is no estoppel as to her. The deed under which the tenant claims title purported to convey to the grantee an estate in fee, and under it he entered into possession, and while the life tenant joined as a grantor in this conveyance it did not extinguish the life estate as against Mrs. Deans. The deed being void as to her, the life estate was not merged and did not terminate until the death of Mrs. Richards, the life tenant, in 1906. During the existence of the life estate, Mrs. Deans was not entitled to possession and therefore could not maintain a writ of entry for the land. R. L. c. 179, § 3. Nor could she maintain a petition for partition. *Hunnewell* v. *Taylor,* 6 Cush. 472. The deed to Wing gave him full possession of the entire estate until the date of the death of the life tenant in 1906, and it is difficult to see what Mrs. Deans could have done to assert her title before that event occurred. We are of opinion that she was not estopped by conduct from asserting

title to her interest in the estate, and that such interest vested in the demandant upon the death of the life tenant in 1906. The cases cited upon the tenant's brief in which an estoppel by conduct was held to be a bar are not applicable to the facts here presented. *Snow* v. *Hutchins,* 160 Mass. 111, and cases cited. *Wing* v. *Deans,* 214 Mass. 546.

3. The trial judge rightly ruled "that said Nancy S. Deans could not have asserted her rights to the premises until the death of the life tenant in 1906, and that adverse possession did not begin to run against her until such death." The rule of law, that if with the knowledge of his co-tenant a tenant in common enters upon the land under a claim of exclusive right and maintains his possession to the exclusion of his co-tenant it will amount to a disseisin which, if continued for twenty years, will give the disseisor a title by adverse possession, does not apply because the demandant's ancestor, for the reasons stated, was not entitled to possession of the premises and could not maintain an action therefor so long as the life estate was outstanding in Wing. *Bellis* v. *Bellis,* 122 Mass. 414.

It follows from what has been said that all the rulings excepted to were correct. The entry must be

*Exceptions overruled.*