ANNIE M. LOWE et als. *vs.* CHARLES M. BROWN.

Franklin.　Opinion January 21, 1924.

*In a real action, under a plea of nul disseizin, the plaintiff prevails upon proof prima facie of a title, not necessarily good against the world, but good against the tenant, unless as between himself and the plaintiff the tenant shows a better title. Rents and profits must be claimed in the writ.*

In this case the source from which the defendant insists that, as between himself and the plaintiffs, he shows a better title to the property is a recorded deed from one John B. Staples to the defendant and his father, dated fourteen years prior to the date of the deed which is the starting point of the plaintiff. The deed, being warranty in form, raises a presumption of seizin and ownership. There is intimation, but not evidence, that defendant conveyed his interest to his father, because the latter in subsequently deeding the same interest to the defendant, so recites. Defendant's title and seizin and right to be in possession as owner of the whole are not otherwise in the record. But if it were assumed

that upon searching in the appropriate registries of deeds of probate, there would be found the missing links, which, fitting to other links of the chain, would bring to this defendant and leave in him the title to the yet remaining land that he sets up, still there would be nothing indicative that that land concerns this controversy.

On report. A real action demanding certain real estate in Carthage. Defendant pleaded the general issue and disclaimed to all the land described in the writ except a strip eight rods wide and as to that pleaded nul disseizin. The case was begun before a jury and at the conclusion of the evidence, by agreement of the parties, it was withdrawn from the jury and reported to the Law Court for final determination upon questions of both fact and law. Judgment for the plaintiffs.

The case is fully stated in the opinion.

*Frank A. Morey*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DUNN, J. Real action; the land demanded being a single lot in Carthage. Defendant disclaimed as to all, except a strip eight rods in width in the northeastern part with regard to which he pleaded nul disseizin, and issue was joined.

Plaintiff and defendant assenting, the case was withdrawn from the jury, when the evidence was in, and reported upon the stipulation that this court, drawing the same inferences as a jury might, should render such a judgment as by law the parties are entitled to have entered.

In the year 1899 one David T. Jones quit-claimed to Hewitt M. Lowe by deed embracing in its description land corresponding to that the title to which is the point in contest, the identity of the property therefore being supposed. *Rand* v. *Skillin*, 63 Maine, 103; *May* v. *Labbe*, 112 Maine, 209. The deed was duly recorded and under it Lowe actually and exclusively occupied. His occupancy, however, seems never to have been really of the disputed strip. But his seizin being by entry under a claim of title in fee, it must be deemed to have extended to the whole parcel surrounded by the calls of the

deed, for, in such a situation, entry on a part is entry on the whole. Stearns Real Actions, 38; *Banton* v. *Herrick*, 101 Maine, 134, *Hornblower* v. *Banton*, 103 Maine, 375; *Proprietors Kennebec Purchase* v. *Springer*, 4 Mass., 416; *Bellis* v. *Bellis*, 122 Mass., 414.

Mr. Lowe died intestate. The descent of his estate, of which this land was, was cast by the statute of descents and distributions on these plaintiffs, one being his widow and the others his only two children.

The deed to Mr. Lowe, his possession with the accompanying claim of ownership in virtue of it (*Tebbetts* v. *Estes*, 52 Maine, 566; *Butler* v. *Taylor*, 86 Maine, 16; *Tibbetts* v. *Holway*, 119 Maine, 90; *Anderton* v. *Watkins*, 122 Maine, 346), and the showing of the succeeding in title sustain the contention of the plaintiffs, prima facie. They may not have a true title, what Judge Peters styled ''A title good against the world'' (*Chandler* v. *Wilson*, 77 Maine, 76), but they have a title good against the tenant, unless he shall show that he had a right to disturb it.

The source from which this defendant insists that he derives, and as between himself and these plaintiffs shows, a better title is a recorded deed from John B. Staples to the defendant and his father, dating into earlier history by some fourteen years than does the deed which is the starting-point of the other side. The deed, being warranty in form, raises a presumption of seizin and ownership. *Rand* v. *Skillin*, supra; *May* v. *Labbe*, supra. There is intimation, but not evidence, that defendant conveyed his interest to his father, because the latter, in subsequently deeding the same interest to the defendant, so recites. Defendant's title and seizin and right to be in possession as owner of the whole are not otherwise in the record. But if it were assumed, having reference to the attitude of opposing counsel, in the furtherance of right, that upon searching in the appropriate registries of deeds and probate, there would be found the missing links, which, fitting to other links of the chain, would bring to this defendant and leave in him the title to the yet remaining land that he sets up, still there would be nothing indicative that that land concerns this controversy. The north, the east, and the south calls in the Staples deed are not of particularly essential moment. The other is, ''West by land of Orville Judkins,'' and the factual question as to the location of that divisional line is one on which the importance of the defendant's underlying assertion depends.

*Tebbetts* v. *Estes,* supra. But no light whatever is shed by the evidence upon where the land of the defendant runs to meet that of Mr. Judkins. If it be said that it was not doubted but the land described in the defendant's deed overlapped that in the plaintiffs' deed the statement would be only negative and entirely inadequate.

Rents and profits are not considered in this decision. They were not claimed in the writ. *Larrabee* v. *Lumbert,* 36 Maine, 440. And to regard the writ as amended in such behalf, the case being on report, would not better the position, it being uncertain in the record whether the defendant cut certain trees into logs and whether he took the logs away.

The finding must be that, as against the tenant, the title to the land was in the plaintiffs, and that the defendant did disseize them.

*Judgment for plaintiffs.*